### LAUZON *v.* BOARD OF SUPERVISORS OF CHIPPEWA COUNTY.

MANDAMUS—DEMURRER—FINAL ORDER—CERTIORARI.
Conceding the propriety of demurring to a petition for *mandamus,* where such demurrer is made and overruled, the cause is not reviewable on *certiorari* until a final order is made.

*Certiorari* to Chippewa; Steere, J. Submitted December 10, 1901. Decided January 7, 1902.

*Mandamus* by Marie Lauzon to compel the board of supervisors of Chippewa county to audit and pay a claim. From an order overruling a demurrer to the petition, respondent brings *certiorari.* Writ dismissed.

*Warner & Sullivan*, for relator.

*John P. Conrick* ( *M. F. McDonald*, of counsel), for respondent.

Hooker, C. J.   The relator filed her petition in the circuit court for the county of Chippewa to compel the board of supervisors to audit and pay a sum allowed her by the board of health for damages occasioned by a quarantine of her hotel, established and maintained by said board. An order to show cause was made by the circuit court, and, upon the return of said order, the respondent filed a demurrer to the petition.   The court overruled the demurrer, and ordered that "the respondent have until the first day of the following term to plead over, or take such further steps as it may be advised."   Thereupon the cause was brought to this court by *certiorari*.

Practice in the circuit court upon *mandamus* is regulated by Circuit Court Rule No. 46, which indicates an intention that the proceeding shall be summary.   It requires an answer, and provides that matters alleged and not answered shall be taken as admitted, and that the cause shall stand for hearing on the return day without notice, and can only be postponed on cause shown.   It may be doubted whether dilatory pleadings are competent under this rule, but, as the question has not been argued, we do not decide it.   Supreme Court Rule No. 12 prescribes the practice on appeal, which in terms covers only cases where the writ is allowed or denied.   If it be competent to demur to a petition for *mandamus*, the cause is not reviewable here, upon *certiorari*, until a final order is made.   In this case the circuit judge has held the petition sufficient, and, by analogy to other cases at law, the respondent must either answer (which ordinarily is no great hardship), or stand upon its legal right to have a technically accurate petition.   If it choose the latter, it must let the order for the writ be made, and then resort to its remedy by *certiorari*.

The writ is dismissed, with costs, and the cause remanded for further proceedings in the circuit court.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.