HOWE *v.* DOYLE.

APPEAL AND ERROR — "BLUE-SKY LAW" — MOOT QUESTIONS — DISMISSAL.

Where Act No. 143, Pub. Acts 1913, known as the "Blue-Sky Law," was repealed pending an appeal by complainants of injunction proceedings attacking the validity of the law, and there are no proceedings pending before the Michigan Securities Commission in which complainants are interested which are continued by the repealing act, but the questions raised on appeal are mere moot questions, this court will, on its own motion, dismiss the appeal.

Appeal from Ingham; Collingwood, J. Submitted February 3, 1914. (Docket No. 174.) Decided September 28, 1915.

Bill by Burton Howe and another against Edward

H. Doyle, John W. Haarer, and Grant Fellows, constituting the Michigan Securities Commission, for injunction restraining defendants from .enforcing the provisions of Act No. 143, Pub. Acts·1913. From a decree for defendants, ·complainants appeal. Appeal dismissed.

*Beaumont, Smith & Harris,* and *Caldwell, Masslich & Reed* (*Robert R. Reed, Thomas C. P. Martin,* and *Hal H. Smith,* of counsel), for appellants.

*Grant Fellows,* Attorney General, for appellees.

PER CURIAM. This case is an appeal from the decree of the circuit court in chancery, which dismisses the bill of complaint of the complainants, filed again'st the defendants herein, members of the Michigan Securities Commission created by Act· No. 143, Pub. Acts 1913, the so-called "Blue Sky Law." The bill attacks the constitutionality of this. law on several grounds, and prays for an injunction restraining the defendants from enforcing its terms.

While this case has been pending in this court on this appeal, the legislature at its session of 1915 enacted a new law, creating a similar commission, and by its terms repealed Act No. 143, Pub. Acts 1913, and all acts or parts of acts in conflict with the new legislation. The new act also provided:

"All proceedings pending before said Michigan Securities Commission created by said Act one hundred forty-three of the Public Acts of nineteen hundred and thirteen shall be continued by the commission created by this. act; all actions, civil and criminal, pending under said Act one hundred forty-three of the Public Acts of nineteen hundred thirteen shall be continued and completed thereunder." (Act No.· 46, Pub. Acts 1915).

It does not appear from this record that there are any proceedings pending before the commission; nor

are there any actions, civil or criminal, pending in which complainants are interested. The act whose constitutionality is assailed by these proceedings having been repealed, if we should consider the questions here raised, we would be giving our consideration to mere moot questions, and this we must decline to do.

We will therefore dismiss the case on our own motion, without costs to either party.

The late Justice MCALVAY took no part in this decision.