SCHOUWINK *v.* FERGUSON.

1. APPEAL AND ERROR—MOOT QUESTION—CERTIORARI—DEMURRER—MANDAMUS.

After the expiration of the license period for which relator's bond was preferred, the court would not review, on certiorari, the question whether or not the city council could reject the surety for insufficiency, a bond being required from the operators of motor bus lines during the term of license; the question thereafter became a moot question and any action of the court became futile.

2. MANDAMUS—PRACTICE—DEMURRER.

The practice of demurring to the petition of the relator in mandamus is not to be encouraged; the better practice is to answer it. Judicature Act, chap. 36, §§ 1-4; 3 Comp. Laws 1915, § 13437 *et seq.;* Circuit Court Rule 50.

Certiorari to superior court of Grand Rapids; Dunham, J.   Submitted April 27, 1916.   (Calendar No. 27,140.)   Decided May 6, 1916.

Mandamus by Garrett Schouwink against Raymond M. Ferguson, the common council of the city of Grand Rapids, and others, to compel respondents to accept the bond of and issue to relator a license to operate a motor bus in the city of Grand Rapids. An order sustaining a demurrer to the petition is reviewed by relator on certiorari. Dismissed.

*Sheridan F. Master*, for relator.

*R. M. Ferguson*, City Attorney, and *Frank E. Shaw*, Assistant City Attorney, for respondents.

STONE, C. J.   The petition shows that the relator is the owner and operator of a "motor bus," and held a license and permit under a certain ordinance of the city of Grand Rapids, which license terminated by its terms May '1, 1916.

It appears from the record that, having operated his motor bus for some time, his bond became inoperative, and, desiring to comply with the terms of the said ordinance, he procured a new bond or policy of insurance, alleged to be in the form, terms, penalty, etc., prescribed by the ordinance, executed by the National Indemnity Exchange of Kansas City, Mo., as surety, which corporation, it is alleged, was authorized to do business in this State, and tendered the same to the city attorney of Grand Rapids for approval, and to the city clerk for filing, but which tender was not accepted; the said city attorney refusing to approve and the city clerk to file the same, for the sole reason that the common council had by resolution "recommended that bonds issued by said company be rejected, as they appear to be inadequate."

Contending that the adequacy of bonds executed by such surety companies was exclusively within the powers of the commissioner of insurance of the State, and not within the domain of any discretion of any of the respondents, relator brought mandamus in the superior court of Grand Rapids to compel such approval and filing of his bond. The respondents demurred to the petition. On the hearing of the demurrer the same was sustained, and relator's petition was dismissed. Whereupon relator applied to this court for and secured a writ of certiorari on February 1, 1916.

By the seventh paragraph of relator's petition for a mandamus it appears that the certificate of authority issued by the commissioner of insurance expired on the last day of February, 1916. We quote from the record:

"Now know ye that said National Indemnity Exchange is authorized to exchange contracts or agreements of fire, theft, and liability insurance on motor vehicles until and including the last day of February in the year 1916, unless this authority shall before that time be revoked."

It appearing by the record that relator's license expired May 1, 1916, and that the certificate of authority expired February 29, 1916, we have nothing before us but abstract questions of law, which do not rest upon existing facts or rights. The questions involved are moot questions, and the case becomes a moot case, which we must decline to consider. When it appears by the record that action by the court would be futile, by reason of the lapse of time, the case will be dismissed. *Howe* v. *Doyle,* 187 Mich. 655 (154 N. W. 62) ; *Carlson* v. *Wyman,* 189 Mich. 402 (155 N. W. 418).

The result of a reversal here would be to direct the court below to proceed to hear the case. It should not be required to issue a mandamus where its effect would

be of no avail or idle. *Fuchs* v. *Common Council,* 166 Mich. 569 (132 N. W. 96). This case was submitted to this court but a few days ago; the reply brief of the relator having been filed April 26, 1916.

We will say in passing that the practice of demurring to a petition for mandamus is not to be encouraged; the better practice being to answer the petition. *Lauzon* v. *Board of Supervisors,* 129 Mich. 269 (88 N. W. 628); Circuit Court Rule 50; Judicature Act, chap. 36, §§ 1-4 (Pub. Acts 1915, Act No. 314 [3 Comp. Laws 1915, §§ 13437-13440]).

The writ of certiorari is dismissed, without costs.

KUHN, OSTRANDER, BIRD, MOORE, STEERE, and PERSON JJ., concurred. OSTRANDER, J., did not sit.