BROWN, *ex rel.* VAN BUREN, *v.* LAWRENCE.

APPEAL AND ERROR—MOOT QUESTIONS NOT CONSIDERED.

A moot question which will not be determined on appeal in a quo warranto proceeding to determine whether an officer of a corporation is rightfully holding his office is presented where, after a judgment of ouster and pending appeal, the respondent is legally elected as an officer of the corporation, and the case will be dismissed if no other questions are involved.

Error to Ingham; Collingwood, J. Submitted April 11, 1917. (Docket No. 39.) Decided July 26, 1917.

Quo warranto by William C. Brown, prosecuting attorney, on the relation of George H. Van Buren, against Fred S. Lawrence to try the title to the office

of director and president of the Lawrence & Van Buren Printing Company. Judgment for relator. Respondent brings error. Writ dismissed.

*McArthur & Dunnebacke* and *Person, Thomas, Shields & Silsbee,* for appellant.

*Selling & Brand,* for appellee.

STONE, J.  This is a proceeding by information in the nature of quo warranto, filed in the Ingham circuit, to inquire by what warrant the defendant claimed to hold, use, exercise, and enjoy the offices of director and president of the Lawrence & Van Buren Printing Company, a corporation created by the authority of the State of Michigan, under Act No. 232 of the Public Acts of 1903 (2 Comp. Laws 1915, § 9017 *et seq.*). The legality of the election of directors at the stockholders' meeting of July 16, 1915, was involved in this proceeding. There was a judgment of ouster of the defendant entered in the circuit court on April 28, 1916, and he brought the case into this court by writ of error; said writ having issued on June 19, 1916.

On the 17th day of April, 1917, the following suggestion was filed in this court and a copy thereof served on the attorneys for the defendant:

"And now comes the relator, by Selling & Brand, his attorneys, and suggests of record as having a bearing upon the questions here involved the following circumstances which have occurred since the entry of the order of ouster in the lower court against the respondent as director and president of the Lawrence & Van Buren Printing Company, a Michigan corporation:

"(1) That at a meeting of the stockholders of the Lawrence & Van Buren Printing Company held upon August 17, 1916, a board of directors consisting of Fred S. Lawrence (the present respondent), Henry N. Lawrence, and Roy Hurd, were elected directors for one year; that in a proceeding heretofore had in the circuit court for the county of Ingham, that court having jurisdiction, by a final judgment entered and

not appealed from, it was determined that the meeting electing the said Fred S. Lawrence, Henry N. Lawrence, and Roy Hurd was a valid meeting, and that they were properly and duly elected directors for the period of one year from and after their election.

"(2) That the board of directors so elected thereafter qualified and met, and have elected officers for the year beginning from and after the time of their election.

"(3) As a result whereof it has become immaterial whether the said respondent was properly ousted as director and president of the Lawrence & Van Buren Printing Company for the term beginning July 16, 1915, inasmuch as there is now a duly elected board of directors of said corporation of whom the respondent is one and said board has elected a president for the current year, said respondent, who has qualified.

[Signed]    "SELLING & BRAND,
                    "Attorneys for Relator."

This suggestion was duly verified; and it is the claim of counsel for appellee that the same was properly filed and served under the provisions of section 26 of chapter 20 of the judicature act (Act No. 314, Pub. Acts 1915, 3 Comp. Laws 1915, § 12762). Without passing upon that point it may be said that it does appear by statement of counsel for appellant that the matters contained in the suggestion are true in fact, and that the matter of costs has been adjusted by counsel. We have nothing before us, therefore, but abstract questions of law, which do not rest upon existing facts or rights. The questions involved are moot questions, and the case becomes a moot case, which we must decline to consider. When it appears by the record that action by the court would be futile, by reason of the lapse of time, the case will be dismissed. *Schouwink* v. *Ferguson*, 191 Mich. 284 (157 N. W. 726), and cases there cited.

The writ of error is dismissed, without costs.

KUHN, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.