TIERNEY *v.* UNION SCHOOL DISTRICT OF BAY CITY.

APPEAL AND ERROR—MOOT CASE—DISMISSAL.

    Where it appears that an appeal presents simply abstract questions of law which do not rest on existing facts or rights, and is therefore a moot case, and that action by the appellate court would be futile, the case will be dismissed.

Appeal from Bay; Houghton (Samuel G.), J. Submitted April 7, 1920. (Docket No. 7.) Decided June 7, 1920.

Bill by Harry J. Tierney against the Union School District of Bay City to enjoin the expenditure of certain money. From a decree dismissing the bill, plaintiff appeals. Dismissed.

*Coumans & Gaffney,* for plaintiff.

*Lewis J. Weadock,* for defendant.

FELLOWS, J.  On June 11, 1919, the board of education of defendant Union School District of Bay City adopted a resolution submitting to the qualified electors of the district the question of issuing the bonds of the district in the sum of $1,000,000, such sum to be used in the erection of suitable school houses.  A special election was called for July 2d.  On June 13th the board appropriated from its contingent fund certain moneys to be used in conducting an advertising and educational campaign upon the needs of the district for additional school facilities.  Plaintiff, a large taxpayer of the district, thereupon filed this bill for an injunction to restrain such use of the district funds upon the ground that such action was *ultra vires.* The bill as filed made the district and certain individuals defendants, but at the hearing in the trial court plaintiff dismissed as to the individual defendants.  The opinion of the trial judge dismissing the bill was filed June 25th and the formal decree was entered a few days later.  On July 7th, and after the election had been held, an appeal was taken to this court.

The plaintiff having voluntarily dismissed his bill as to the individual defendants, no relief can be had against them for the money expended if we should conclude the action was *ultra vires;* the election having occurred many months ago, the granting of the injunction prayed for would be an idle act.  The case presents simply abstract questions of law which do not rest on existing facts or rights, and is therefore a moot case.  Where it appears from the record that action by this court would be futile by reason of the lapse of time, the case will be dismissed.  *Schouwink* v. *Ferguson,* 191 Mich. 284; *Carlson* v. *Wyman,* 189

Mich. 402; *Howe* v. *Doyle*, 187 Mich. 655; *East Saginaw R. Co.* v. *Wildman*, 58 Mich. 286; *Hicks* v. *J. B. Pearce Co.*, 158 Mich. 502; *Brown, ex rel. Van Buren*, v. *Lawrence*, 197 Mich. 178; *Ideal Furnace Co.* v. *International Molders' Union*, 204 Mich. 311; *Blickle* v. *Board of Education, ante*, 196; 2 High on Injunction (4th Ed.), § 1701*a*.

As this conclusion is reached by the court *sua sponte* the appeal will be dismissed without costs.

Moore, C. J., and Steere, Brooke, Stone, Clark, Bird, and Sharpe, JJ., concurred.