### FREEMAN v. WAYNE CIRCUIT JUDGE.

EXECUTION—STAY—WHERE NO BOND FILED WITHIN 20-DAY PERIOD RIGHT TO STAY LOST.

> Where the bond required by 3 Comp. Laws 1915, § 12812, was not given within the 20-day period allowed for the purpose of moving for a new trial or settling a bill of exceptions, the right to stay is lost, and the trial court has no power to grant further stay.[1]

Mandamus by Amariah F. Freeman, special administrator of the estate of Mary C. Kempf, deceased, to compel Ira W. Jayne, circuit judge of Wayne county, to vacate an order granting a stay of proceedings in a will contest.     Submitted October 28, 1924.     (Calendar No. 31,663.)     Writ granted December 10, 1924.

[1] Executions, 23 C. J. § 400; Appeal and Error, 3 C. J. § 1426.

*A. F. Freeman (Millis & Streeter* and *John F. Jordan,* of counsel), *in pro. per.*

*Frank J. Riggs* and *Ben. W. Johnson,* for defendant.

WIEST, J.     The will of Mary C. Kempf, deceased, upon contest certified to the circuit court (3 Comp. Laws 1915, § 14145), was admitted to probate by jury verdict and judgment thereon March 20, 1924. Contestant's motion for a new trial was denied July 24, 1924.     Time in which to settle a bill of exceptions has been extended.     No bond to stay proceedings having been given, August 25, 1924, plaintiff moved the court to certify the judgment to the probate court. This motion was not granted but the court, *sua sponte,* ordered contestant to give a bond within seven days to stay proceedings or the judgment would be certified to the probate court.     Plaintiff, by mandamus, seeks direction to the circuit judge to set the stay aside.

The statute (3 Comp. Laws 1915, § 12812) provides:

"No stay of proceedings upon any verdict or judgment rendered in any circuit court in this State shall hereafter be granted or allowed for the purpose of moving for a new trial or settling a bill of exceptions in the case in which such verdict or judgment was rendered, for a longer period than twenty days, unless the party applying for such stay, if judgment shall have been rendered against him, shall execute to the adverse party a bond."     *     *     *

The purpose of this act is to expedite review, if desired, accepts the view that the judgment is right and should be enforced by available remedies unless a stay thereof is *extended* beyond the 20-day period. When this stay was granted it took away an accrued right of enforcement.     This court has held that execution will not be recalled upon giving a bond after the 20-day period.     *Hatch* v. *Washtenaw Circuit Judge,* 200 Mich. 1.     The accrued right to have the judgment certified to the probate court was not at all

affected by the orders extending time in which to settle a bill of exceptions.    Under this statute no stay can be had for a longer period than 20 days after judgment without a bond given within the 20 days to carry on the stay.    If a stay granted ends with the 20 days for want of a bond the right to stay is lost.    In the instant case the right to stay was lost and the court had no power to grant stay, and the order permitting the stay should be vacated.    If necessary the writ will issue.

Plaintiff will recover costs against Harry V. Angevine, contestant of the will.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.