## BARRON v. BELONGY.

CERTIORARI—MOOT QUESTIONS WILL NOT BE CONSIDERED.
> Where, on certiorari to review an order of the court below granting a writ of mandamus to compel members of a school board to grant to plaintiffs the use of the auditorium of the schoolhouse on certain dates, under the provisions of Act No. 318, Pub. Acts 1917, it appears that the time when the use of said auditorium was desired has passed, that the case is academic, and that action thereon would be futile, the Supreme Court will decline to decide the questions thus presented. CLARK, C. J., and BIRD and SHARPE, JJ., dissenting, on the ground that the statute involved should be construed.[1]

Certiorari to Wayne; Codd (George P.), J. Submitted October 7, 1924. (Calendar No. 31,557.) Decided December 10, 1924.

Mandamus by Daniel D. Barron and others to compel Henry Belongy and others, constituting the school board of school district No. 4, River Rouge, Michigan,

[1] Certiorari, 11 C. J. § 341.

to grant the use of the auditorium of said school to plaintiffs on certain dates.     From an order granting the writ, defendants bring certiorari.     Writ dismissed.

*Lodge & Brown,* for appellants.

*Bresnahan & Groefsema (P. J. M. Hally,* of counsel), for appellees.

MOORE, J.     Plaintiffs made application for the use of the auditorium in the River Rouge school for the evenings of March 17, July 17, and October 17, 1924. The petition was intended to comply with the provisions of Act No. 318, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 5870 [107]).     Their application was denied by the school board.     A writ of mandamus was issued by the circuit judge, directing the school board to grant the use of the auditorium for those dates.     The school board brought the case into this court by writ of certiorari.

The case was argued and submitted in this court October 7, 1924.     The last brief on the part of the plaintiffs was filed in this court November 5, 1924, and the last brief on the part of the defendants was filed October 16, 1924.     A recital of these dates shows that the case at this time is academic.

We have often held that, when a case presents simply abstract questions of law which do not rest on existing facts, and when action by this court would be futile, we will not decide the questions thus presented.     Some of the cases are *Carlson* v. *Wyman,* 189 Mich. 402; *Blickle* v. *Board of Education,* 210 Mich. 196; *Tierney* v. *Union School District,* 210 Mich. 424, and the many cases cited therein.

Writ is dismissed, without costs to either party.

MCDONALD, STEERE, FELLOWS, and WIEST, JJ., concurred with MOORE, J.

SHARPE, J. (*dissenting*).    In my opinion this court should construe the statute in question on the record as made.    While the occasion, when use of the school-house was desired, has passed, it seems apparent to me that it would be difficult, if not impossible, to secure a construction of the statute in a proceeding when the time for which application had been made had not expired.    The majority of the court hold otherwise. It would, therefore, serve no useful purpose for me to express my personal views on the construction which should be placed on the statute.

CLARK, C. J., and BIRD, J., concurred with SHARPE, J.