HERBERT *v.* HOWARD.

1. MANDAMUS—QUESTIONS REVIEWABLE—MOOT QUESTIONS.
   Questions raised on petition for mandamus seeking to vacate
   order staying execution *held*, not reviewable where decision in
   the main case has been rendered simultaneously herewith and
   such questions are now moot.

2. COSTS—MANDAMUS—MOOT QUESTIONS.
   No costs are allowed either party upon decision of mandamus pro-
   ceeding to set aside order staying execution where questions
   become moot by rendition of decision on main appeal.

Appeal from Huron; Boomhower (Xenophon A.),
J. Submitted December 6, 1935. (Calendar No.
38,618.) Decided June 16, 1936.

Case by Gladys Herbert against John H. Howard
and Allan Durgis for damages for personal injuries
sustained in an automobile accident. Judgment for
plaintiff. Plaintiff reviews order staying execution
by mandamus. Writ denied.

*Hugh K. Davidson* and *Walter M. Nelson,* for
plaintiff.

*Paul Woodworth (Kerr, Lacey & Scroggie,* of
counsel), for defendants.

TOY, J. On February 25, 1935, judgment was en-
tered in this cause in circuit court for plaintiff in
the amount of $15,500. A motion for new trial was
made by defendants, and on March 16, 1935, an
order was entered granting a new trial unless the
plaintiff filed a remittitur of all sums in excess of

$10,000. Subsequently, plaintiff secured a rehearing on this motion, and on such rehearing (April 17, 1935) the court made a second order exactly as the first. This order was not filed until June 7, 1935 (however, the record indicates that it had been filed at some previous date, but in a wrong file). A remittitur, as required by the court, was filed May 6, 1935. On June 11, 1935, defendants filed claim of appeal. No application was made at that time for a stay of proceedings, beyond the 20-day period, nor was any stay bond filed.

On June 10, 1935, a writ of execution was issued, which was returned unsatisfied. On July 10, 1935, another writ of execution was issued and forwarded to the sheriff of Ottawa county, who made a levy upon the nets and fishing equipment of defendant Howard. On July 22, 1935, defendants filed a petition in the circuit to restrain plaintiff, plaintiff's attorneys and the sheriff of Ottawa county, from continuing the levy or having sale thereunder. On the same day a motion for stay of proceedings was made and defendant Howard, pursuant to Act No. 45, Pub. Acts 1935, deposited with the clerk of the court a copy of the insurance policy carried by him in the General Accident, Fire & Life Assurance Corporation, Ltd., together with the recognizance of said corporation that it would pay plaintiff all taxable costs and with the admission of said company of its liability to the plaintiff in the amount of $8,730, should plaintiff prevail.

Hearing was had on the aforesaid petition on July 29, 1935, and the trial court entered its order, accepting and approving as a "bond to stay proceedings in this cause," the aforementioned policy of insurance, and ordered that all proceedings be stayed pending the outcome of the appeal to this

court.  Plaintiff seeks our writ of mandamus to compel the circuit judge to set aside this order.  She contends that the court was without jurisdiction to make such an order because of Court Rule No. 62, §§ 1, 2 (1933), and 3 Comp. Laws 1929, §§ 14527, 15492, and refers us to *Peterson* v. *Wayne Circuit Judge,* 108 Mich. 608; *Hatch* v. *Washtenaw Circuit Judge,* 200 Mich. 1; and *Freeman* v. *Wayne Circuit Judge,* 229 Mich. 297.

Counsel for defendants contend that these three decisions (*Peterson, Hatch* and *Freeman Cases, supra*) are superseded by Court Rule No. 62 (1933), and are, therefore, no longer applicable.

Plaintiff contends, also, that Act No. 45, Pub. Acts 1935, is in violation of our State Constitution.

These interesting questions need not be determined on this motion, for we have made decision on the appeal taken in the principal cause (see *Herbert* v. *Durgis, ante,* 158), and the questions here raised are now moot.  *Rubin* v. *Wayne Circuit Judge,* 243 Mich. 31; *Ideal Furnace Co.* v. *International Molders' Union of North America,* 204 Mich. 311; *Schouwink* v. *Ferguson,* 191 Mich. 284; *Carlson* v. *Wyman,* 189 Mich. 402.  The writ is denied.

The matter not having become moot until our decision in *Herbert* v. *Durgis, supra,* no costs will be allowed either party.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.  POTTER, J., took no part in this decision.