ATTORNEY GENERAL, *ex rel.* ANDREWS, *v.* KALLMAN.

1. ACTION—DISMISSAL BY SUPREME COURT—CHANGE OF CIRCUM-
   STANCES.

> A case in court will be dismissed when it appears by the record
> that action by the Supreme Court would be futile, by reason
> of the lapse of time, resulting in a change of circumstances.

2. QUO WARRANTO—CIRCUIT COURT COMMISSIONER—MOOT CASE.

> Action of quo warranto, commenced on relation of governor's ap-
> pointee to office of circuit court commissioner, against defend-
> ant who had previously been appointed by the probate judge,
> prosecuting attorney, and the county clerk, is dismissed as a
> moot case, where, at the general spring election next ensuing
> the vacancy, defendant was elected, relator not having been a
> candidate, notwithstanding quo warranto proceeding was com-
> menced prior to such election, since relator makes no present
> claim to the office (CLS 1956, §168.464, as amended by PA
> 1957, No 236).

3. COSTS—QUO WARRANTO—PUBLIC QUESTION.

> No costs are allowed in quo warranto proceeding which is dis-
> missed by the Supreme Court after any action it might take
> would be futile, and public question is involved.

Quo warranto by Paul L. Adams, Attorney Gen-
eral, on the relation of Vernon J. Andrews to test
the validity of the appointment, by Ingham county
officials, of James T. Kallman to the position of cir-
cuit court commissioner. Submitted January 4, 1962.
(Docket No. 24, Calendar No. 49,054.)   Writ dis-
missed March 15, 1962.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 3 Am Jur, Appeal and Error § 733.
[3] 14 Am Jur, Costs § 37.

*Paul L. Adams,* Attorney General, *Joseph B. Bilitzke,* Solicitor General, and *Marilyn Morris,* Assistant Attorney General, for the plaintiff.

*Leo A. Farhat,* Prosecuting Attorney, and *Howard A. McCowan,* Assistant Prosecuting Attorney, for the defendant.

OTIS M. SMITH, J.   In this Court, on December 14, 1960, Paul L. Adams, the attorney general of the State of Michigan, upon the relation of Vernon J. Andrews, filed an information in the nature of quo warranto alleging that the defendant was appointed to and held illegally the office of circuit court commissioner for the county of Ingham.   In his prayer for relief, the attorney general asked this Court to decree that the defendant was not lawfully appointed to said office.

The facts are not in dispute.   On October 14, 1960, Richard J. Brake, who had theretofore been elected to the office of circuit court commissioner for the county of Ingham changed his residence from Ingham county to another county and thereafter resigned his office creating a vacancy.

On November 23, 1960, certain elected county officials, namely the probate judge, prosecuting attorney, and the county clerk undertook to appoint the defendant, Kallman, to fill the vacancy.   However, on December 12, 1960, the governor of the State of Michigan undertook to appoint Vernon J. Andrews, the relator herein, to the same office.   The relator demanded that the defendant cease acting as circuit court commissioner and further that all files and records of the office be transferred to him, that is, to the relator. The defendant refused and thereupon the information was filed as aforesaid.   Issue was joined.

Of especial note is the fact that the defendant Kallman was elected to the office of circuit court commissioner for the county of Ingham at the biennial spring election held April 3, 1961. The relator, Andrews, was not a candidate in this election. The joint appendix and the brief of plaintiff were filed August 11, 1961. Defendant's brief was filed November 14, 1961, and the reply brief of plaintiff was filed December 28, 1961. The matter was argued in the January, 1962, term of this Court. It was conceded at this time that the relator, Andrews, makes no present claim to the office.

Plaintiff cited PA 1954, No 116, § 464 (CLS 1956, § 168.464), as amended by PA 1957, No 236 (Stat Ann 1959 Cum Supp § 6.1464). It reads as follows:

"Whenever a vacancy shall occur in the office of circuit court commissioner, the governor shall appoint some qualified person to fill such vacancy, and the person so appointed shall hold such office until his successor is elected and qualified. At the next biennial spring primary or fall primary election held at least 70 days after such vacancy shall occur, candidates shall be nominated to fill the vacancy in the manner provided in this chapter for the nomination of candidates for circuit court commissioner. The vacancies shall be filled at the general election next following the primary in the manner provided in this chapter for the election of circuit court commissioners. The person elected shall hold such office for the remainder of the unexpired term."

Clearly the vacancy in the office occurred more than 70 days before the biennial spring primary held in February, 1961. The relator, not having been a candidate and, hence, not having been elected to the office in the general election could assert no claim to the office after the defendant was elected. We have nothing before us therefore, but abstract questions which do not rest upon existing facts or rights.

A similar situation existed in *Brown, ex rel. Van Buren,* v. *Lawrence,* 197 Mich 178. Therein, this Court stated (p 180) that "The questions involved are moot questions, and the case becomes a moot case, which we must decline to consider." We reiterate the rule that when it appears by the record that action by the Court would be futile, by reason of the lapse of time, resulting in a change in circumstances, the case will be dismissed. *Schouwink* v. *Ferguson,* 191 Mich 284. See, also, *LaBello* v. *Victory Pattern Shop, Inc.,* 351 Mich 598.

The case is dismissed without costs, a public question being involved.

DETHMERS, C. J., and CARR, KELLY, BLACK, KAVANAGH, and SOURIS, JJ., concurred.

ADAMS, J., took no part in the decision of this case.