*In re* OPENING OF OAKMAN BOULEVARD.

DISMISSAL AND NONSUIT—MOOT CASE—EMINENT DOMAIN.
  Where, on appeal by street railway companies from the
  decree in condemnation proceedings by the city of De-
  troit, it appears that since the argument in the Supreme
  Court the city has taken over the property of appellants,
  and it was conceded if this was done the case would
  be a moot case, the appeal will be dismissed.

Appeal from recorder's court of Detroit; Wilkins
(Charles T.), J.   Submitted April 11, 1922.   (Dock-
et No. 49.)   Dismissed July 20, 1922.

Condemnation proceedings by the city of Detroit
against the Detroit & Highland Park Railroad Com-
pany and another.   Judgment for plaintiff.   Defend-
ants appeal.   Dismissed.

*Donnelly, Hally, Donnelly & Munro,* for appellants.

*Clarence E. Wilcox,* Corporation Counsel, and *Thomas
P. Penniman* and *John R. Watkins,* Assistants Cor-
poration Counsel, for appellee.

MOORE, J.   This is a street opening proceeding
brought by the city of Detroit, under the provisions of
the charter of the city of Detroit.   The case was
tried before a jury which found that it is necessary
to make the public improvement described in the
petition and to take for this purpose the property
described in the petition, and the jury awarded to the
Detroit United Railway and the Detroit & Highland
Park Railroad Company, as their interests may ap-
pear, the sum of $2,427.93 as compensation therefor.

On October 8, 1920, on motion of the attorney for

the plaintiff, the court entered an order confirming the verdict of the jury.   The case is brought here by appeal.

The case was argued orally at great length and able briefs are filed.   At the time of the oral argument a proposition was pending to have the city of Detroit take over the property of the appellants.   It was conceded by counsel that if this was done the case would be a moot case, though it was desired in any event to have a written opinion.   Since the argument of the case in this court the city of Detroit has taken over the property of the appellants, and we think it unnecessary and unwise to prepare a written opinion, and we decline to do so.

The case is dismissed, without costs.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.