## THOMAN v. CITY OF LANSING.

1. TAXATION—STATUTES—PRESUMPTION OF CONSTITUTIONALITY.

The presumption of constitutionality following taxing statutes is stronger than applies to laws generally and only where a taxing system clearly and palpably violates the fundamental law will it be held invalid.

2. CONSTITUTIONAL LAW—CONFLICTING PROVISIONS—COURTS.

When two provisions of the Constitution appear to conflict in a measure, it is the court's duty to reconcile them as far as possible with an eye to accomplishing the result intended by the pertinent sections when construed together.

3. SCHOOLS AND SCHOOL DISTRICTS—TAXATION—DISTRICT EMBRACING ALL OF HOME-RULE CITY AND PART OF TOWNSHIP—CONFLICT IN CONSTITUTIONAL PROVISIONS.

Where school district embraces all of the territory of a home-rule city, not subject to Constitution's 15-mill limitation upon assessment for taxes, except when provided for by a municipal charter, and a portion of the territory of a township subject to such limitation and amount necessary to properly maintain the district's schools is in excess of such limit but within the tax rate provided by the municipal charter, there is, as to such school district, a conflict between such provision of the Constitution and provision of the same instrument that taxation of property shall be by a uniform rule (Const. 1908, art. 10, §§ 3, 21).

4. CONSTITUTIONAL LAW—SUBSEQUENT QUALIFYING AMENDMENT.

Rule that where there is an amendment to the law qualifying or restricting an earlier provision of the law, the later or amendatory provision must control, applies to an amendment of the Constitution which restricts a previously adopted provision.

5. MUNICIPAL CORPORATIONS—TAXATION—CONSTITUTIONAL LIMITATIONS.

The amendment of the Constitution imposing a limitation of 15 mills on assessment of property for taxes neither increased nor decreased the charter power of a home-rule city to levy taxes for its municipal purposes (Const. 1908, art. 10, § 21).

6. CONSTITUTIONAL LAW—CONSTRUCTION.

Constitutional provisions must be construed with reference to each other when relating to the same subject matter.

7. COURTS—CONSTITUTIONAL LAW.

The Supreme Court could not be called upon to enforce a constitutional provision incapable of enforcement.

8. TAXATION—UNIFORMITY—UNEQUAL RESULTS—EFFECT.

Taxation is not invalid because of unequal results in individual instances, since, under such construction, taxation would become impossible and governments would have to fall back upon arbitrary exactions.

9. SCHOOLS AND SCHOOL DISTRICTS—DISTRICTS LOCATED PARTLY WITHIN AND PARTLY WITHOUT CITY—ADDITIONAL TAX—DUE PROCESS.

Statute providing that where a school district lying partly within and partly without the limits of a municipal corporation the county tax allocation board shall establish a maximum tax rate covering all property within the district and a maximum additional tax rate covering all property within the municipality is not invalid as providing for double taxation merely because two rates are used in fixing final amount of tax on property located within the city as all property owners within the city pay a like tax; nor does payment of school tax so imposed upon taxpayers within the city deprive them of property without due process of law (U. S. Const. Am. 14, § 1; Mich. Const. 1908, art. 2, § 16, art. 10, § 21; Act No. 62, Pub. Acts 1933, as amended; Act No. 162, Pub. Acts 1933).

10. SAME—TAXATION—PROPERTY TAX LIMITATION ACT.

Since a school district has power to levy a tax but is not itself subject to exception in property tax limitation act as to city charter tax limitation, there may be levied an additional tax within the limits of city, comprising a part of the district's territory, that is not levied in district's territory located without the city in contiguous township territory under statute providing for such additional levy (Const. 1908, art. 10, § 21; Act No. 62, § 2, Pub. Acts 1933, as amended by Act No. 30, Pub. Acts 1934 [1st Ex. Sess.]; Act No. 162, Pub. Acts 1933).

SHARPE, J., dissenting.

Appeal from Ingham; Hayden (Charles H.), J. Submitted January 16, 1946. (Docket No. 16, Calendar No. 43,241.) Decided September 11, 1946.

Assumpsit by Frank H. Thoman against City of Lansing and others to collect taxes paid under protest. Judgment for defendants. Plaintiff appeals. Affirmed.

*Foster & Cameron*, for plaintiff.

*Kelley & Seelye*, for defendant School District of the City of Lansing.

*Amici Curiae: Ernest C. Smith*, for School District of East Lansing, and *Maurice F. Cole*, for School District of Ferndale. •

Sharpe, J. (*dissenting*). The school district of the city of Lansing consists of the territory within the corporate limits of the city of Lansing together with a portion of Lansing township which is east of the city. The area of the school district outside of the city is approximately 588 acres.

In 1932, article 10, § 21 of the State Constitution was adopted. This amendment is commonly known as the 15-mill amendment. The city of. Lansing, a home-rule city, not having voted to come within the limitations of the constitutional amendment above referred to, the property therein was not limited to a total tax of 15 mills. Property within the township of Lansing was so limited. As a result of the above amendment the school district of the city of Lansing would be limited by the 15-mill amendment. To meet such situations, the legislature enacted Act No. 162, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 3551–41 *et seq.*, Stat. Ann. § 15.511 *et seq.*), which reads in part as follows:

"Sec. 2. * * * In the case of any school disstrict lying partly within and partly without the limits of a municipal corporation the following procedure shall be observed: The commission shall find,

in accordance with the provisions of the property tax limitation act the maximum tax rate which may be levied against all of the property lying within such school district.   Such tax rate is hereinafter referred to as the 'regular tax rate.'   Thereafter the commission shall find the maximum additional tax rate which fairly and reasonably is equivalent to and represents the additional annual value to the property lying within the boundaries of the municipal corporation resulting from the greater proximity of the school buildings and facilities to such property and the greater accessibility thereof, and not already reflected in assessed valuations.   In no case shall the additional tax rate be such as to increase beyond the net limitation tax rate the total of all taxes levied against property within the limits of such municipal corporation, exclusive of rates levied for the payment of interest and principal on obligations incurred prior to December eight, nineteen hundred thirty-two, and rates levied pursuant to the provisions of the charter of such municipal corporation.   The findings and order of the commission made and entered concerning the maximum tax rates of such school district shall specify both the maximum regular tax rate and the maximum additional tax rate computed as aforesaid.

"SEC. 3.   *   *   *   The findings of the commission on questions of fact as to the fairness and reasonableness of the additional tax rates shall be conclusive.

"SEC. 4.   *   *   *   The board of education of any school district for which the commission has found and ordered an additional tax rate as hereinbefore provided is hereby empowered to levy such additional tax rate upon the property of the district lying within the municipal corporation, such levy to be in addition to the regular tax rate which is permitted to be levied upon all of the property of such district, both that lying within such municipal corporation, and that lying outside thereof.   Such additional rate

shall be certified to the proper officers of the municipal corporation at the same time as the regular rate is certified, and such additional rate shall be assessed, levied, collected and returned in the same manner as the taxes of the municipal corporation are assessed, levied, collected and returned."

The Ingham county tax allocation board found the maximum tax rate of 8.10 mills, which was designated as the regular tax rate, might be levied by the school district upon property lying within the entire school district on the 1944 tax roll for the year 1945. Thereafter, the tax board found the maximum additional tax rate of 2.5 mills might be levied by the school district against property lying within the city of Lansing only. The board of education of the school district by virtue of the above act levied an additional tax rate of 2.5 mills upon the property lying within the city as authorized by the Ingham county tax allocation board.

Plaintiff as a resident and taxpayer of the city of Lansing paid the additional tax under protest and applied to the city council for a refund as required by city charter. His petition was denied. He brings the present action in assumpsit for recovery of the amount of tax paid under protest. The trial judge held Act No. 162, Pub. Acts 1933, constitutional and rendered judgment in favor of defendants.

Plaintiff appeals and urges that the act in question is unconstitutional as it contravenes article 10, § 3 of the Michigan Constitution (1908), which provides:

"The legislature shall provide *by law* a uniform rule of taxation, except on property paying specific taxes, and taxes shall be levied on such property as shall be prescribed by law: *Provided,* That the legislature shall provide *by law* a uniform rule of

taxation for such property as shall be assessed by the State board of assessors, and the rate of taxation on such property shall be the rate which the State board of assessors shall ascertain and determine is the average rate levied upon other property upon which ad valorem taxes are assessed for State, county, township, school and municipal purposes.''

Plaintiff also contends that the act is unconstitutional as it permits double taxation on the same property for the same purpose.

Defendants urge that in the enactment of the quoted legislation, the legislature created two taxing units and provided for uniformity within each taxing unit; that the creation of taxing districts is committed to the discretion of the legislature and two taxing districts may be created within one municipality without violation of the principle of uniformity; and that the legislature may provide for a reasonable classification of property for purposes of an ad valorem tax without violating the uniformity rule of the State Constitution or the equal protection provision of the Federal Constitution.

In coming to our conclusions in this cause, we shall keep in mind that the provision in the Constitution relating to a uniform rule of taxation cannot be repealed or amended directly or indirectly by the legislature, nor can it be set aside by the courts; that school districts are specifically recognized in the Constitution and must be continued (Const. 1908 art. 9, § 8); and that the rule of uniformity forbids double taxation.

Defendant school district urges that the creation of taxing districts is a subject committed to the discretion of the legislature and two taxing districts may be created within one municipality without violation of the principle of uniformity. In support of this claim defendant cites *Pioneer Iron Co.* v. *City*

*of Negaunee,* 116 Mich. 430, and *Mitchell* v. *City of Negaunee,* 113 Mich. 359 (38 L. R. A. 157, 67 Am. St. Rep. 468).

In the *Mitchell Case, supra,* plaintiffs were the owners of unimproved lands within the corporate limits of the city of Negaunee. They sought to enjoin the city from carrying out a contract which it had entered into for the erection of an electric lighting plant. Plaintiffs there contended that the taxing district in which the tax may be levied should be limited to the locality which is to be benefited by the expenditure of the tax and that their land would not be benefited by the erection of such a plant, they should not be taxed for the same. We there held that the fixing of city limits and taxing districts is within legislative discretion and the determination of the legislature in relation thereto will not be disturbed by the courts. Plaintiffs were denied relief. This case does not support defendants' theory that a school district may have two taxing units.

In the *Pioneer Iron Company Case, supra,* a bill of complaint was filed to restrain the collection of taxes ·by the city upon the theory that the assessment was made against the lands as mineral lands instead of wild lands. This court denied relief and reaffirmed its holding in the *Mitchell Case* to the effect that the establishment of a taxing district is within legislative discretion. This case is not authority for the claim made by defendants.

Defendants also rely upon *Callam* v. *City of Saginaw,* 50 Mich. 7, and *Smith* v. *Mayor and Common Council of the City of Saginaw,* 81 Mich. 123. In the *Callam Case* the city of Saginaw by legislative act was authorized to bear the entire expense of erecting a county court house. In the above case the local act under which the court house was erected provided that in case the county seat should be re-

moved from the city, the county was required to pay to the city the amount expended for the construction of the building. In the case at bar, the schoolhouses in the city of Lansing are the property of the school district of the city of Lansing. The act in question makes no provision whereby the city of Lansing could be reimbursed in the event of a dissolution of the school district.

In the *Smith Case* the cities of Saginaw and East Saginaw were consolidated and each former city was retained as a tax district, but only for the purpose of local improvements, such as sewers, sidewalks, ditches, waterworks and street improvements. This case is readily distinguished from the case at bar. In a school district a schoolhouse cannot be termed a local improvement. It is built for the use of the people in the entire district.

In *Huron-Clinton Metropolitan Authority* v. *Boards of Supervisors of Five Counties,* 304 Mich. 328, we said:

"A constitutional provision requiring a uniform rule of taxation was considered in the case of *Exchange Bank of Columbus* v. *Hines,* 3 Ohio St. 1. The court said, p. 15:

" 'What is meant by the words "taxing by a uniform rule?" And to what is the rule applied by the Constitution? No language in the Constitution, perhaps, is more important than this; and to accomplish the beneficial purposes intended, it is essential that they should be truly interpreted, and correctly applied. "Taxing" is required to be "by a uniform rule;" that is, by one and the same unvarying standard. Taxing by a uniform rule requires uniformity not only in the rate of taxation, but also uniformity in the mode of the assessment upon the taxable valuation. Uniformity in taxing implies equality in the burden of taxation; and this equality of burden cannot exist without uniformity

in the mode of the assessment, as well as in the rate of taxation. But this is not all. The uniformity must be coextensive with the territory to which it applies. If a State tax, it must be uniform over all the State; if a county, town, or city tax, it must be uniform throughout the extent of the territory to which it is applicable.' ''

In *Simmons* v. *Ericson,* 54 S. D. 429 (223 N. W. 342), the legislature passed an act authorizing a regular school tax and an additional tax upon that portion of the district represented by the city portion of the school district. The act provided for a limitation on the levy on agricultural lands to 10 mills on the dollar of assessed valuation, while other lands within the district could be taxed 25 mills on the dollar. The supreme court of South Dakota held that ''the tax levy be extended at the same rate for all purposes upon all taxable property within the district.'' In its opinion the court said:

''We are unable to see any difference which furnishes a reasonable ground for making a distinction between the rate of taxation for school purposes upon agricultural lands and that upon other real estate within the same school district. * * * We think the placing of agricultural lands within the school district in a different class than that of other real estate is not based on differences in the character of the property which furnish a reasonable ground for making a distinction between the two classes, and that it really results in permitting agricultural land to escape a burden imposed on other real estate situated in substantially similar circumstances and conditions, and that the limitation of 10 mills on the dollar in the case of agricultural land while the levy on other real estate may be 25 mills on the dollar contravenes that provision of the Constitution that taxes shall be uniform on all property

of the same class. In *Monaghan* v. *Lewis*, 5 Penne-will (21 Del.), 218 (59 Atl. 948, 10 Ann. Cas. 1048), under a constitutional provision requiring taxes to be uniform on all property of the same class, an act providing that rural or suburban property within the city limits should be taxed at a lower rate than property within the built-up portion of the city was held unconstitutional."

Since the writing of the above opinion, Mr. Justice NORTH has written for affirmance of the judgment upon the theory that the constitutional provision relating to a uniform rule of taxation, Constitution 1908, art. 10, § 3, is in conflict with the 15-mill amendment to the Constitution (1908), art. 10, § 21.

Under the uniform rule of taxation we have held that taxes cannot be imposed in disregard of any rule of uniformity, *Merrill* v. *Humphrey*, 24 Mich. 170; and that the policy of the State is to secure uniformity and equality, *Hogelskamp* v. *Weeks*, 37 Mich. 422. It seems clear that "a uniform rule of taxation" means just what it says, *i.e.*, that taxation shall be uniform. It has no relation to the maximum or minimum limits of taxation. The so-called 15-mill amendment of the Constitution relates solely to the amount of taxes that may be assessed against a piece of property in one year and provides for a limitation of such amount. It in no way infringes upon the rule of uniformity.

If the school district seeks or needs a rate of taxation in excess of 15 mills, the amendment provides a method for so doing. The Constitution of the State of Michigan is our basic law. All acts of the legislature should and must harmonize with the Constitution. Act No. 162, Pub. Acts 1933, permits an additional tax to be levied and assessed against property located in the city portion of the school district. The effect of this act is to authorize two

rates of taxation within a single taxing unit. The act offends the uniform rule of taxation and as such is unconstitutional.

The judgment should be reversed, and the cause remanded to the circuit court of Ingham county for entry of judgment in favor of plaintiff. Plaintiff should recover costs.

NORTH, J. In the opinion of Mr. Justice SHARPE, Act No. 162, Pub. Acts 1933, (Comp. Laws Supp. 1940, § 3551–41 *et seq.*, Stat. Ann. § 15.511 *et seq.*) is held unconstitutional. I am unable to concur in that result. The pertinent portions of the act are quoted in my Brother's opinion. The statute is one pertaining to taxation:

"The presumption of constitutionality following taxing statutes is stronger than applies to laws generally and only where a taxing system clearly and palpably violates the fundamental law will it be held invalid." *Michigan Central R. Co.* v. *Powers,* 201 U. S. 245, 267 (26 Sup. Ct. 459, 50 L. Ed. 744), citing numerous decisions of the United States Supreme Court.

Decision in the instant case necessitates construction of two constitutional provisions which in a measure conflict with each other. Under the circumstances it is the Court's duty to reconcile as far as possible the conflicting provisions, and with an eye to accomplishing the result intended by the pertinent sections of the Constitution when considered together. So far as they are material to decision herein the respective constitutional provisions read:

"The legislature shall provide by law a uniform rule of taxation, except on property paying specific taxes." Constitution of 1908, art. 10, § 3.

"The total amount of taxes assessed against property for all purposes in any one year shall not ex-

ceed one and one-half per cent of the assessed valuation of said property, except taxes levied for payment of interest and principal on obligations heretofore incurred \* \* \* : *Provided,* That this limitation may be increased \* \* \* when provided for by the charter of a municipal corporation." Constitution 1908, art. 10, § 21.

In the instant case we have a single unit, a school district, in which taxes are assessed for school purposes. By far the major portion of the district is composed of the city of Lansing. A portion of Lansing township has been attached to the city school district. Lansing city is not under the above quoted 15-mill limitation. As a home rule city its maximum rate of taxation under its charter is 2 per cent. of assessed valuation. 1 Comp. Laws 1929, § 2241, as last amended by Act No. 60, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 2241, Stat. Ann. 1945 Cum. Supp. § 5.2084). But Lansing township is subject to the 15-mill provision. The record fairly discloses that the amount of money necessary to properly maintain the Lansing schools together with other city taxes results in a tax rate in the city in excess of "one and one-half per cent of the assessed valuation," but within the tax rate "provided for by the charter of a (the) municipal corporation." The question presented is whether it is possible to comply with the constitutional provision that the tax must be uniform and still permit the city of Lansing to exercise its charter power, recognized by the Constitution, to levy on the city property a tax in excess of the 15-mill limitation, while in the township portion of this school district the rate of taxation is restricted by the 15-mill limitation. Obviously under the circumstances of this case the two noted constitutional provisions are in conflict; and it becomes impossible to literally comply with both.

It is a fundamental rule of construction that if there is an amendment to the law, in this case an amendment to the Constitution, and by such amendment an earlier provision of law is qualified or restricted, the later or amendatory provision must control. *People, ex rel. Chapoton,* v. *Common Council of the City of Detroit,* 38 Mich. 636; *Bernier* v. *Bernier,* 72 Mich. 43; *People* v. *Thompson,* 161 Mich. 391. The provision in article 10, § 3, as to a uniform rule of taxation was carried into the Constitution of 1908 from the 1850 Constitution,* but in 1932 article 10 of the Constitution was amended by the addition of section 21, in part above quoted. By section 21 there was embodied in the Constitution a limitation of the rate of taxation to one and one-half per cent. of assessed valuation, except for obligations theretofore incurred: *"Provided, That this limitation may be increased * * * when provided for by the charter of a municipal corporation."* This last quoted provision is a plain and definite declaration that the 1932 amendment should not deprive municipal corporations of their right to levy taxes in excess of the 15-mill limitation "when provided for by the charter" of such corporations. In *School District of City of Pontiac* v. *City of Pontiac,* 262 Mich. 338, 351, we said:

"The result of the above construction (of section 21) is that the 1932 amendment neither increased nor decreased the charter power of a city to levy taxes for its municipal purposes."

It must be held that the 1932 constitutional provision controls as against the earlier provision in section 3, as to a uniform rule of taxation. Unless literal compliance with section 3 is held to yield to the later constitutional provision as to rate of taxa-

* See Const. 1850, art. 14, § 11.—REPORTER.

tion permissible under a city charter, the later provision becomes wholly inoperative under circumstances such as are presented in the instant case. To so hold would not only be in violation of established rules of construction, but we think it would be in direct violation of the 1932 constitutional provision for taxation in excess of the 15-mill limitation "when provided for by the charter of a municipal corporation."

Further, it may be noted that to hold otherwise than herein determined would be to say 'in effect that by annexing township territory to the Lansing city school district, the Lansing city charter was amended—*i.e.,* the city lost its charter right to tax in excess of the 15-mill rate. Surely such a fantastic result was not intended by the adoption of article 10, § 21, of the Constitution. Instead the very wording of the quoted proviso in section 21 clearly preserves for cities their charter right to impose a tax rate in excess of 15 mills, notwithstanding the earlier provision in section 3 as to uniformity. To some extent the two provisions are repugnant to each other and the earlier provision must yield to the later under the circumstances of this case.

"Constitutional provisions must be construed with reference to each other when relating to the same subject matter." *Dullam* v. *Willson* (syllabus), 53 Mich. 392 (51 Am. Rep. 128).

"This Court could not be called upon to enforce a constitutional provision incapable of enforcement." *Stenson* v. *Secretary of State,* 308 Mich. 48, 60.

"It cannot be too distinctly borne in mind that any possible system of tax legislation must inevitably produce unequal and unjust results in individual instances; and, if inequality in result must defeat

the general law, then taxation becomes impossible, and governments must fall back upon arbitrary exactions." *Stumpf* v. *Storz,* 156 Mich. 228, 235 (23 L. R. A. [N. S.] 152, 132 Am. St. Rep. 521).

"Courts cannot annul tax laws because of their operating unequally and unjustly. If they could, they might defeat all taxation whatsoever; for there never yet was a tax law that was not more or less unequal and unjust in its practical workings." *Youngblood* v. *Sexton,* 32 Mich. 406, 414 (20 Am. Rep. 654).

The statute here involved (Act No. 162, Pub. Acts 1933) merely embodies a plan for providing what the legislature deemed was just taxation in the various school districts in the State constituted as that in the instant case. We find no merit in appellant's claim of double taxation. True, the statute uses two rates in fixing the final amount of school tax on each of plaintiff's assessed city properties; but he is required to pay only one school tax annually. That is not double taxation. All other property owners similarly situated pay a like tax. The rate by which the amount of the tax is computed is fixed in accord with orderly statutory procedure. In paying the school tax imposed under the statutory provisions appellant was not deprived of property without due process of law.*

It is urged by appellant that since Lansing is a home rule city, Act No. 162, Pub. Acts 1933, "attempting to authorize an additional (school) tax in certain municipalities, is not applicable to the city of Lansing;" and in this connection appellant points out that Act No. 62, Pub. Acts 1933† (see Comp.

---

* See U. S. Const. Am. 14, § 1; Mich. Const. 1908, art. 2, § 16.—Reporter.

† Amended by Act No. 30, Pub. Acts 1934 (1st Ex. Sess.), Act No. 40, Pub. Acts 1937, Act No. 150, Pub. Acts 1941, Act No. 91, Pub. Acts 1943.—Reporter.

Laws Supp. 1940, 1945, § 3551–21 *et seq.*, Stat. Ann. 1945 Cum. Supp. § 7.61 *et seq.*) which created the county tax allocation board with power to allocate millage among tax units excludes from its operation "cities for which there are provisions in their charters" fixing maximum limits for taxation. See Act No. 62, § 2, subd. (a), Pub. Acts 1933.* This contention is fallacious because we are herein concerned with school district taxes, not taxes for city purposes; and the section last above cited specifically includes school districts as local units for taxation purposes.

Our conclusion is that as against any ground asserted on this appeal Act No. 162, Pub. Acts 1933, is constitutional, and that the school taxes levied on plaintiff's properties were valid. Judgment for defendants is affirmed, with costs.

BUTZEL, C. J., and CARR, BUSHNELL, and REID, JJ., concurred with NORTH, J. BOYLES, J., did not sit. STARR, J., took no part in the decision of this case.

* As amended by Act No. 30, Pub. Acts 1934 (1st Ex. Sess.) (Comp. Laws Supp. 1940, § 3551–22, Stat. Ann. § 7.62).—REPORTER.