SCHOOL DISTRICT OF THE CITY OF EAST GRAND RAPIDS v
KENT COUNTY TAX ALLOCATION BOARD

Docket No. 45753. Submitted August 29, 1979, at Lansing.—Decided
October 2, 1979. Leave to appeal applied for.

The School District of the City of East Grand Rapids, Kent
County, filed a petition for a writ of mandamus in Kent Circuit
Court requesting the court to order the Kent County Tax
Allocation Board to make its findings and determinations re-
garding the maximum additional tax rate according to the
statute governing tax rates in certain municipal school dis-
tricts. George R. Cook, J., granted plaintiff's request. The
court's mandamus ruling required the defendant board to
receive and consider in good faith plaintiff's request for varia-
ble millage, to make findings and determinations regarding
maximum additional tax and to enter its order accordingly.
Defendant appeals asserting that the tax statute is unconstitu-
tional in that it violates the Uniformity Clause of the Michigan
Constitution of 1963. *Held:*

The Supreme Court upheld this tax statute under the Michi-
gan Constitution of 1908 and the Uniformity Clauses of the
1908 and 1963 Constitutions are almost identical. The Court of
Appeals is bound by Supreme Court precedent. The tax statute
is constitutional and does not violate the Uniformity Clause.

Affirmed.

N. J. KAUFMAN, J., concurs separately. He would hold that in
any matter dealing with taxes the Court of Appeals is bound by
Supreme Court decisions.

OPINION OF THE COURT

1. TAXATION — CONSTITUTIONAL LAW — SCHOOL DISTRICTS — UNI-
FORMITY OF TAXATION — ESTABLISHED PRECEDENT — STATUTES.

The Supreme Court has ruled that the statute governing tax
rates in certain municipal school districts does not violate the
uniformity of taxation clause and is therefore constitutional;

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Schools § 79.
[2] 20 Am Jur 2d, Courts § 201.

the Court of Appeals is bound by this precedent (Const 1963, art 9, § 3; Const 1908, art 10, § 3, MCL 211.252; MSA 15.512).

Concurrence in Result by N. J. Kaufman, J.

2. Taxation — Court of Appeals — Supreme Court Decisions — Established Precedent.
 The Court of Appeals is bound by Supreme Court decisions in any matter dealing with taxes.

*Varnum, Riddering, Wierengo & Christenson* (by *Eugene Alkema* and *Randall W. Kraker*), for plaintiff.

*Dickinson, Wright, McKean, Cudlip & Moon* (by *John R. Axe, James A. Samborn* and *Mark A. Kellman*), for defendant.

Before: J. H. Gillis, P.J., and R. B. Burns and N. J. Kaufman, JJ.

Per Curiam. The defendant refused to comply with MCL 211.252; MSA 15.512, asserting that the statute was unconstitutional in that the statute violated the Uniformity Clause of art 9, § 3 of the Michigan Constitution of 1963.

The statute reads as follows:

"Sec. 2. Tax rates in certain municipal school districts. In the case of any school district lying partly within and partly without the limits of a municipal corporation the following procedure shall be observed: The commission shall find, in accordance with the provisions of the property tax limitation act the maximum tax rate which may be levied against all of the property lying within such school district. Such tax rate is hereinafter referred to as the 'regular tax rate'. Thereafter the commission shall find the maximum additional tax rate which fairly and reasonably is equivalent to and represents the additional annual value to the property lying within the boundaries of the municipal corporation resulting from the greater proximity of

the school buildings and facilities to such property and the greater accessibility thereof, and not already reflected in assessed valuations. In no case shall the additional tax rate be such as to increase beyond the net limitation tax rate the total of all taxes levied against property within the limits of such municipal corporation, exclusive of rates levied for the payment of interest and principal on obligations incurred prior to December 8, 1932, and rates levied pursuant to the provisions of the charter of such municipal corporation. The findings and order of the commission made and entered concerning the maximum tax rates of such school district shall specify both the maximum regular tax rate and the maximum additional tax rate computed as aforesaid.

The trial court upheld the constitutionality of the statute and issued a writ of mandamus.

In *Thoman v City of Lansing,* 315 Mich 566; 24 NW2d 213 (1946), the Supreme Court upheld this statute under the Michigan Constitution of 1908.

The Uniformity Clauses of the two constitutions, art 10, § 3 of the 1908 Constitution and art 9, § 3 of the 1963 Constitution, are almost identical.

In our opinion we are bound by the *Thoman* case, *supra.*

Affirmed. No costs, a public question.

N. J. KAUFMAN, J. *(concurring).* I concur separately as I agree that in any matter dealing with taxes we are bound by Supreme Court decisions.