BAILEY v CHARTER TOWNSHIP OF PONTIAC

Docket No. 55549. Submitted November 9, 1981, at Detroit.—Decided
March 19, 1982. Leave to appeal applied for.

George H. Bailey and several other similarly situated taxpayers
filed suit against the Charter Township of Pontiac and the
Charter Township of Waterford in Oakland Circuit Court seek-
ing a declaratory judgment that certain taxes levied by the
townships were illegal and injunctive relief against future
illegal tax levies. The court, Robert B. Webster, J., granted
defendants' motion for summary judgment, concluding that the
statute plaintiffs relied on was unconstitutional in part under
the uniformity of taxation clause of the Michigan Constitution.
Plaintiffs appeal. *Held:*

The uniformity of taxation clause of the Michigan Constitu-
tion does not prevent the Legislature from establishing reason-
able classifications within particular taxing authorities where
the purpose and effect of such classifications is the promotion of
a more equitable distribution of the tax burden. Thus, the
statute plaintiffs relied on is not unconstitutional, and plaintiffs
are entitled to the requested relief.

Reversed and remanded.

1. TAXATION — TOWNSHIPS.

A township may not tax property located within the limits of a
village at a rate in excess of one mill, nor may it tax other
property within its borders at a rate in excess of five mills,
unless voter approval is obtained, in which case the township
may tax all property within its borders at a rate not in excess
of ten mills (MCL 42.27; MSA 5.46[27]).

2. TAXATION — CONSTITUTIONAL LAW — UNIFORMITY OF TAXATION.

The uniformity of taxation clause of the Michigan Constitution
does not prevent the Legislature from establishing reasonable
classifications permitting unequal tax rates within particular

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 71 Am Jur 2d, State and Local Taxation § 137.
[2] 71 Am Jur 2d, State and Local Taxation §§ 159, 162, 164-166.
[3] 71 Am Jur 2d, State and Local Taxation §§ 122, 162.

taxing authorities where the purpose and effect of such classifications is the promotion of a more equitable distribution of the tax burden (Const 1963, art 9, § 3).

3. TAXATION — CONSTITUTIONAL LAW — UNIFORMITY OF TAXATION.

> The purpose of the uniformity of taxation clause of the Michigan Constitution is to ensure that taxes are imposed in proportion to benefits received by mandating uniform taxation within a particular taxing authority; this purpose is not frustrated by legislative recognition of inequity resulting from taxation of property which is also located within another taxing authority at the same rate as property not located within another taxing authority (Const 1963, art 9, § 3).

*Beier, Howlett, McConnell, Googasian & McCann,* for plaintiffs.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *William P. Hampton),* for Charter Township of Pontiac.

*Peter J. Donlin,* for Charter Township of Waterford.

Before: R. M. MAHER, P.J., and D. F. WALSH and D. C. RILEY, JJ.

PER CURIAM. Plaintiffs filed suit in Oakland County Circuit Court, seeking (1) a declaratory judgment that certain taxes levied by the defendant townships were illegal under MCL 42.27; MSA 5.46(27) and (2) injunctive relief against future illegal tax levies. Defendants subsequently filed a motion for summary judgment. The circuit court granted the motion, concluding that MCL 42.27; MSA 5.46(27) was unconstitutional in part under the uniformity clause of the Michigan Constitution, Const 1963, art 9, § 3. Plaintiffs appeal as of right. We reverse.

Plaintiffs own property situated in the incorporated Village of Lake Angelus. Lake Angelus is

situated partly in defendant Waterford Township and partly in defendant Pontiac Township. Waterford Township taxed all property within its borders at a rate of 7.41 mills in both 1977 and 1978; Pontiac Township taxed all property within its borders at a rate of 10.5 mills in 1977 and 9.94 mills in 1978. These levies clearly constituted a violation of MCL 42.27; MSA 5.46(27), which governs the levy of property taxes by charter townships and states that any such levy "* * * shall not exceed 1/10 of 1% of the assessed valuation of all real and personal property subject to taxation within the limits of a village located within the township and 1/2 of 1% of the assessed valuation of all real and personal property subject to taxation in the balance of the township". Under the statute, a township may not tax property located within the limits of a village at a rate in excess of one mill nor may it tax other property within its borders at a rate in excess of five mills.[1]

The circuit court brushed aside plaintiffs' request for injunctive relief, holding the tax limitation statute unconstitutional on the ground that enforcement thereof would violate the "uniformity clause" of the Michigan Constitution. This is essentially a question of first impression. Const 1963, art 9, § 3 provides:

"Sec. 3. *The legislature shall provide for the uniform general ad valorem taxation of real and tangible personal property not exempt by law.* The legislature shall provide for the determination of true cash value of such property; the proportion of true cash value at which such property shall be uniformly assessed, which shall not, after January 1, 1966, exceed 50 percent; and for a system of equalization of assessments. The legislature

---

[1] However, if voter approval is obtained, a township may tax *all* property within its borders at a rate not in excess of ten mills. See MCL 42.27; MSA 5.46(27).

may provide for alternative means of taxation of designated real and tangible personal property in lieu of general ad valorem taxation. Every tax other than the general ad valorem property tax shall be uniform upon the class or classes on which it operates." (Emphasis added.)

The circuit court held that the uniformity clause does not permit the Legislature to require a township to tax property within its borders at different rates. Although we agree that ordinarily all property within a taxing authority must be taxed at the same rate, we hold that the uniformity clause does not prevent the Legislature from establishing reasonable classifications within particular taxing authorities where the purpose and effect of such classifications is the promotion of a more equitable distribution of the tax burden.

The purpose of the uniformity clause is to ensure that taxes are imposed in proportion to benefits received by mandating uniform taxation within a particular taxing authority. This purpose, however, is not frustrated by legislative recognition of inequity resulting from taxation of property which is also located within another taxing authority at the same rate as property *not* located within another taxing authority. The Legislature's purpose in enacting MCL 42.27; MSA 5.46(27) was to prevent property owners in plaintiffs' position from being forced to bear an undue share of the tax burden. The Legislature recognized that owners of property situated within incorporated villages are subject to taxation by the villages, which provide essential services in return. Hence, such property owners receive relatively fewer services from townships than owners of property not situated within incorporated villages.

The purpose and effect of MCL 42.27; MSA

5.46(27) is the promotion of a more equitable distribution of the tax burden; therefore, we find the Legislature's classification eminently reasonable. Adherence to the position adopted by the circuit court would defeat the central purpose of the uniformity clause. Manifestly, the Legislature may provide for uniform taxation within a system of reasonable classifications.

We find *Titus v State Tax Comm,* 374 Mich 476; 132 NW2d 647 (1965), cited by the defendants in support of their position, inapplicable to the case at bar. Although certain language in *Titus* lends credence to the arguments advanced by the defendants, our disposition of this case is consistent with the policy considerations relied upon by the *Titus* Court.

Although *Thoman v Lansing,* 315 Mich 566; 24 NW2d 213 (1946), appears to validate, under the uniformity clause, legislative classification regardless of its purpose and effect, we note that the Supreme Court has decided to reconsider *Thoman.*[2] Consequently, we expressly disavow reliance upon the *Thoman* rationale in reaching our decision.

Plaintiffs are clearly entitled to the requested relief. Accordingly, we reverse and remand to the circuit court for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs, a public question being involved.

Reversed and remanded.

---

[2] See *East Grand Rapids School Dist v Kent County Tax Allocation Board,* 92 Mich App 786; 285 NW2d 463 (1979), *lv gtd* 408 Mich 897 (1980):

"Leave to appeal granted April 17, 1980. The parties are directed to include among the issues to be briefed whether this Court's decision in *Thoman v Lansing,* 315 Mich 566; 24 NW2d 213 (1946), is controlling in the instant situation and, if so, whether that decision should be overruled?"