LaBELLO v. VICTORY PATTERN SHOP, INC.

1. Stipulations—Modification of Decree After Taking an Appeal.
    The stipulation of parties to suit, concerning a lease of premises, entered into after decree for plaintiff lessee enjoined defendant from interfering with plaintiff's possession and after defendant had appealed therefrom, whereby it was agreed the decree should be modified in certain respects and rental reduced for balance of the term with permission granted to plaintiff to remove fixtures at the end of the term and lessor given the right to share the use of some of the property and an order was entered modifying the decree in such respect but affirming it otherwise, resulted in taking away any effective determination from the Supreme Court.

2. Appeal and Error—Modification of Decree.
    Parties to an appeal in an equity suit are bound to know that when decrees are modified they uniformly provide in some sort of appropriate language for the affirmance of the original decree in all other respects and such would be the case even in the absence of express language.

---

References for Points in Headnotes
[2] 3 Am Jur, Appeal and Error § 1183.
[4] 3 Am Jur, Appeal and Error § 824.

3. Same—Dismissal of Appeal—Modification of Decree—Stipu-
lations.

  Previous denial of a motion to dismiss an appeal from an original
    decree would not operate to bar dismissal, if warranted from
    an examination of actual record and briefs, after appeal had
    been taken from a subsequent decree that was modified pursuant
    to a stipulation of the parties.

4. Same—Modification of Decree—Stipulation—Moot Question—
Dismissal of Appeal.

  The review of a decree from which an appeal was timely taken
    but which was thereafter modified by a decree entered pursuant
    to a stipulation of the parties would be a purposeless proceed-
    ing, since it would be the review of a moot question, hence,
    appeal therefrom is dismissed.

Appeal from Muskegon; Smith (Raymond L.), J.,
presiding. Submitted October 16, 1957. (Docket
No. 62, Calendar No. 47,114.) Decided March 6,
1958.

Bill by Betty Jo LaBello, with others joined as
nominal parties, against Victory Pattern Shop, Inc.,
a Michigan corporation, to enjoin interference with
leasehold. Decree for plaintiff. Decree modified
on stipulation of parties. Defendant appeals. Ap-
peal dismissed.

*R. Burr Cochran (James J. Kobza,* of counsel), for
plaintiff.

*Boeschenstein, Lidke & Sanford (John P.
Boeschenstein,* of counsel), for defendant.

Voelker, J. This is an appeal from a decree en-
joining the defendant owner from interfering with
plaintiffs' possession and enjoyment of certain
leased premises for the balance of a decreed extend-
ed term of 6 years. Some years ago defendant's
predecessor in title had leased the restaurant quar-
ters and certain adjoining premises presently known

as the Spaghetti House in Muskegon to Betty Jo La-Bello's assignors for a term commencing May 15, 1952. The lease gave lessees the right to renew for 6 years after the expiration of the first year by giving the lessors 30 days notice in writing. The lease was later changed to provide for increased rental after May 15, 1953. It also required written assent of the lessors to any assignment. No notice to renew was given; there was a dispute over whether Betty Jo's assignors were late with starting to pay their increased rentals; and neither the original lessors nor this defendant consented in writing to the various assignments of the lease. Betty Jo took over the lease and the restaurant on December 20, 1955, and fixed it up extensively and thereafter paid her rentals at the increased rate to the original lessors, who then still owned the place.

Defendant purchased the premises from these original lessors on or before April 2, 1956, and while the plaintiff and ultimate assignee of the lease, Betty Jo LaBello, was in possession running the restaurant. The other 2 plaintiffs appear to be nominally joined in this action largely because of their respective chattel mortgagees' interest in the restaurant and leasehold. On April 3, 1956, the defendant served a notice to quit on Betty Jo. Thereafter it allegedly began tearing up a vacant portion of said leased premises used by Betty Jo as a parking space for the restaurant by removing trees and digging holes and, as claimed in the bill of complaint later filed, rendering the place generally unfit for parking.

On April 30, 1956, plaintiffs filed their bill for injunction. The same day a temporary injunction issued restraining defendant from interfering with plaintiffs' possession. Defendant filed a motion to dismiss claiming that the lease on which the bill was founded was unenforceable under the statute

of frauds* because the bill failed to allege written notice of renewal as required by the lease; because there was in fact no such renewal; and, also, because of failure to obtain written assent to the various assignments of the lease. Plaintiffs thereupon amended their bill alleging equitable estoppel. Defendant's motion to dismiss was denied; its answer was made and filed; on October 8, 1956, after hearing, the court entered a decree of injunction in favor of the plaintiffs; and the defendant timely appealed therefrom to this Court.

Thereafter the parties, presumably after negotiation, entered into a stipulation to modify the decree below as follows:

"It is hereby stipulated and agreed by and between the respective parties through R. Burr Cochran, attorney for plaintiffs and Boeschenstein, Lidke & Sanford, attorneys for defendant, that the decree entered in the above entitled cause, on October 8, 1956, may be modified to permit the defendant the privilege of using the west 35 feet of the rear portion of the premises at 1991 Henry street, Muskegon, Michigan, for the purpose of receiving and shipping properties in connection with its business, and for no other purpose, and only during the hours of 7 a.m., to 5 p.m., on weekdays, said area at all other times to be kept clear and unobstructed for plaintiffs' own use.

"In consideration of the above modification and privilege granted, defendant, Victory Pattern Shop, Inc., agrees to cause the entire rear unimproved portion of said premises to be adequately graveled for parking purposes, and to be kept level and free from barriers of all kinds, and to maintain lights and keep said area lighted at all times, at defendant's expense and without reimbursement from plaintiffs.

"And in further consideration thereof, defendant agrees that the monthly rental during the balance of

---

* See CL 1948, § 566.106 (Stat Ann 1953 Rev § 26.906).—Reporter.

said leasehold term shall be reduced from $65 per month to $55 per month, commencing October 15, 1956.

"And defendant further acknowledges that all fixtures located in said premises, whether attached to the realty or not, are the property of said plaintiffs, and may be removed from said premises by plaintiffs at the end of said leasehold term.

"Dated this 25th day of October, 1956."

This stipulation was filed in the cause and the court on October 29, 1956, accordingly modified the decree as follows:

"Upon reading and filing the stipulation of counsel in said cause, approved by the respective parties, consenting to a modification of the decree heretofore entered in said cause, on October 8, 1956,

"It is hereby ordered and decreed that said decree is hereby modified to permit the defendant the privilege of using the west 35 feet of the rear portion of the premises at 1991 Henry street, Muskegon, Michigan, for the purpose of receiving and shipping properties in connection with its business, and for no other purpose, and only during the hours of 7 a.m., to 5 p.m., on weekdays, said area at all other times to be kept clear and unobstructed for plaintiffs' own use.

"In all other respects said decree shall stand affirmed."

Thereafter, evidently smelling a rat, on November 26, 1956, the defendant made a general appeal here from this modified decree. Thereafter on January 8, 1957, this Court denied plaintiffs' motion here to dismiss defendant's appeal from the original decree but at the same time we granted their motion to dismiss the defendant's appeal from the modified decree. Plaintiffs and appellees now urge that the foregoing stipulation together with the modified decree and our dismissal of the defendant's attempted appeal there-

from renders all the questions sought to be raised by it in the present appeal moot. They urge that the agreement now in binding effect between the parties provides: a set rental for the balance of an ascertainable and decreed leasehold term (May 15, 1959); a right to remove fixtures at the end of that term; a use by defendant of a portion of the leased premises under permissively prescribed financial concessions and conditions; and an affirmance of the original decree in all other respects. They maintain that these actions and circumstances eliminate and render moot all the questions sought to be raised in the first appeal now before us; that the original decree has thereby become in legal effect tantamount to a consent decree; and that our dismissal of the second appeal only serves to clinch the matter.

Defendant counters that the stipulation did not provide any express agreement that the modified decree should provide that "in all other respects said decree shall stand affirmed;" that the court below exceeded its authority in entering such modified decree with such a provision; that the stipulation likewise did not contain any agreement not to appeal; that it applied only to a limited use of a portion of the premises; that our earlier refusal to dismiss this appeal on plaintiffs' motion was a binding recognition by us of its validity as an appeal on the merits; and that defendant meant by the phrases "during the balance of said leasehold term" and again, in providing that the fixtures could be removed "at the end of said leasehold term," only such term, if any, as this Court would ultimately determine on this appeal, but in no case until 1959 as found and decreed below.

Answering the last point first, we are afraid that the parties by their actions have taken any effective determination away from us. In this case there are really only 2 courses we could follow if we consid-

ered this appeal on the merits: 1, either set aside the decree below and hold that there was no lease and therefore no "term" (for 1 or more of the reasons originally urged by defendant) or, 2, affirm the decree below. Either there was no proper renewal of the lease or in legal effect there was one because of waiver and estoppel. If there was any renewal at all then the lease as renewed must run till 1959 in accordance with its express terms. There is no room in this case for us to find any other possible "term," and when the parties in their stipulation talk about "the balance of said leasehold term" and "end of said leasehold term" the only possible thing they can be talking about is a term ending in 1959, not one ending either sooner or later. And the parties are also bound to know that when decrees are modified they uniformly provide in some sort of appropriate language for the affirmance of the original decree in all other respects. From the very nature of a decree of modification or order modifying a decree (call it what you will) that which is not therein changed or modified must be deemed in the basic decree to stand affirmed, and we would doubtless have to hold thus even if the modified decree did not expressly·so provide. Finally, our earlier action in refusing to dismiss this appeal on preliminary motion is no bar to our doing so now if upon scrutiny of the actual record and briefs that action now seems warranted.

But, says the defendant, we must hear his appeal on the merits because if the original decree falls everything falls, including the stipulation and modified decree. We will examine this argument. Let us suppose we were disposed to treat this case.on its merits and further suppose we were to undertake to set aside the original decree and hold for defendant, as it wants. How could defendant still ever get Betty Jo out of her restaurant before the end of her "term" in view of the unappealed modified decree

and the stipulation defendant chose to enter? How could such action by us now negate and destroy the legal effect of the stipulation and modified decree? Wouldn't the original decree, even if set aside by us, still stand as the binding and defining focal point of reference between the parties, whatever our holding? Aren't the actions and doings of the defendant after the decree entirely inconsistent with its position before the decree or its present position before us? We think they clearly are.

As was said in *Stern* v. *Stern,* 327 Mich 531, 534, quoting from an earlier case: "To review a moot question would be a purposeless proceeding. We have repeatedly refused to hear such matters." See, also, 8 Callaghan's Michigan Pleading and Practice, § 57.04. In such situations, while we may do so we are not obliged even to prepare a written opinion. *In re Opening of Oakman Boulevard,* 219 Mich 338. We do so here because we find the case interesting and, also, possibly mildly instructive.

Defendant precipitated this litigation by serving a notice to quit and by its other actions. It forced Betty Jo to either surrender or take some legal action to protect herself. It fought her all the way through to final decree against it. The whole basis of its defense below is that Betty Jo had no rights in the premises, no lease, no term, no nothing. It appealed from that decree. Then, for reasons best known to itself, and before that appeal could be heard and determined by us, it chose to make other binding legal arrangements. In doing so it left no controversy for us to decide. Our courts do not lack for genuine adversary litigation and we at least try not to do an idle thing. If it will comfort anyone we may add, for whatever it is worth, that the more we dig into this case the more we feel inclined to affirm the decree below were we ever to reach that point. Since the necessity and utility of doing that

has now been removed by the parties themselves we can only do the next best thing and dismiss defendant's appeal, with costs to the plaintiffs.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, and EDWARDS, JJ., concurred.

KAVANAGH, J., took no part in the decision of this case.