BAILEY v CHARTER TOWNSHIP OF PONTIAC (ON REMAND)

Docket No. 69522. Submitted February 10, 1983, at Lansing.—Decided November 6, 1984.

George H. Bailey and several other similarly situated taxpayers filed suit against the Charter Township of Pontiac and the Charter Township of Waterford in Oakland Circuit Court seeking a declaratory judgment that certain taxes levied by the townships were illegal and injunctive relief against future illegal tax levies. The court, Robert B. Webster, J., granted defendants' motion for summary judgment, concluding that the statute plaintiffs relied on was unconstitutional in part under the uniformity of taxation clause of the Michigan Constitution. Plaintiffs appealed. The Court of Appeals reversed. 114 Mich App 426 (1982). Defendants sought leave to appeal in the Supreme Court, which, in lieu of granting leave, remanded the case to the Court of Appeals for reconsideration in light of *East Grand Rapids School Dist v Kent County Tax Allocation Board,* 415 Mich 381 (1982). 417 Mich 881 (1983). On remand, *held:*

1. The provision in 1976 PA 90 requiring charter townships to levy property taxes for land in a charter township which is located within incorporated villages at a lower rate than that levied on land in the township lying outside of incorporated villages is violative of the uniform taxation provision in the Michigan Constitution.

2. The variable tax provision in 1976 PA 90 is severable from the other provisions of that act. Accordingly, the other provisions of that act remain operable even though the variable tax provision is constitutionally invalid.

Affirmed.

1. Taxation — Townships — Uniformity of Taxation — Constitutional Law — Charter Township Act.

The Michigan Constitution requires that a tax rate imposed by a single taxing unit must be uniform throughout the territory to which it applies; accordingly, the provision in the charter township act which requires a charter township to levy prop-

Reference for Points in Headnotes
[1, 2] 71 Am Jur 2d, State and Local Taxation §§ 152, 159, 166.

erty taxes on lands in the township which are located in an incorporated village at a lower rate than that levied on lands in the township which is outside an incorporated village is unconstitutional (Const 1963, art 9, § 3; MCL 42.27; MSA 5.46[27]).

2. TOWNSHIPS — CHARTER TOWNSHIP ACT — CONSTITUTIONAL LAW — TAXATION.

The provision in 1976 PA 90 which requires charter townships to levy property taxes for lands located within incorporated villages in a charter township at a lower rate than that levied on lands located in the unincorporated areas of the township is severable from the remaining provisions of that act; accordingly, the remaining provisions of that act are still operable even though the variable millage provision of the act is unconstitutional (MCL 42.27; MSA 5.46[27]).

*Beier, Howlett, McConnell, Googasian & McCann* (by *James L. Howlett),* for plaintiffs.

*Davidson, Gotshall, Kohl, Secrest, Waddle, Lynch & Clark* (by *William P. Hampton),* for Charter Township of Pontiac.

*Peter J. Donlin,* for Charter Township of Waterford.

Amicus Curiae:

*Bauckham, Reed, Lang, Schaefer & Travis, P.C.* (by *John H. Bauckham* and *Kenneth C. Sparks),* for Michigan Townships Association.

ON REMAND

Before: R. M. MAHER, P.J., and D. F. WALSH and J. H. GILLIS, JJ.

PER CURIAM. In 1976, the Legislature amended § 27 of the Charter Township Act, MCL 42.27; MSA 5.46(27), to provide that taxes levied by a charter township should not exceed 1/10 of 1% (1

mill) of the assessed valuation of property in an incorporated village located within the charter township. The amended act also provided, as had the preceding act, that taxes levied by the charter township on property located in the remainder of the charter township should not exceed 1/2 of 1% (5 mills) of the assessed valuation of that property. In 1978, in OAG, 1977-1978, No 5340, p 554 (July 28, 1978), the Attorney General stated his opinion that the amendment was unconstitutional because it violated the constitutional requirement of uniform taxation, Const 1963, art 9, § 3. Relying upon this opinion, defendant townships in 1977 and 1978 levied taxes in excess of 1 mill at a uniform rate throughout both the unincorporated and village areas of the townships.

Plaintiffs, who own property situated in the incorporated Village of Lake Angelus (located partly in defendant Pontiac Township and partly in defendant Waterford Township), filed suit in Oakland County Circuit Court. Plaintiffs sought a declaratory judgment that the taxes in excess of 1 mill were illegal under MCL 42.27; MSA 5.46(27) and injunctive relief against future "illegal" tax levies. Defendants subsequently filed a motion for summary judgment. This motion was granted by the circuit court after that court concluded that the amended portion of the act was unconstitutional under the uniformity clause of the Michigan Constitution. Plaintiffs then appealed to this Court.

This Court reversed the decision of the circuit court:

"The circuit court held that the uniformity clause does not permit the Legislature to require a township to tax property within its borders at different rates. Al-

though we agree that ordinarily all property within a taxing authority must be taxed at the same rate, we hold that the uniformity clause does not prevent the Legislature from establishing reasonable classifications within particular taxing authorities where the purpose and effect of such classifications is the promotion of a more equitable distribution of the tax burden.

"The purpose of the uniformity clause is to ensure that taxes are imposed in proportion to benefits received by mandating uniform taxation within a particular taxing authority. This purpose, however, is not frustrated by legislative recognition of inequity resulting from taxation of property which is also located within another taxing authority at the same rate as property *not* located within another taxing authority. The Legislature's purpose in enacting MCL 42.27; MSA 5.46(27) was to prevent property owners in plaintiffs' position from being forced to bear an undue share of the tax burden. The Legislature recognized that owners of property situated within incorporated villages are subject to taxation by the villages, which provide essential services in return. Hence, such property owners receive relatively fewer services from townships than owners of property not situated within incorporated villages.

"The purpose and effect of MCL 42.27; MSA 5.46(27) is the promotion of a more equitable distribution of the tax burden; therefore, we find the Legislature's classification eminently reasonable. Adherence to the position adopted by the circuit court would defeat the central purpose of the uniformity clause. Manifestly, the Legislature may provide for uniform taxation within a system of reasonable classifications." 114 Mich App 426, 429-430; 319 NW2d 595 (1982).

Subsequently, the Supreme Court issued its opinion in *East Grand Rapids School Dist v Kent County Tax Allocation Bd,* 415 Mich 381; 330 NW2d 7 (1982). In that case, the Supreme Court was presented with a question of the constitutionality of 1933 PA 162, MCL 211.251 *et seq.;* MSA 15.511 *et seq.,* which authorized "variable millage"

between two components of a single taxing "territory". Specifically, act 162 permitted a school district which encompassed both a municipal corporation and a township to levy a higher tax rate on the property located in the municipal corporation, this higher millage being permitted so that the school district could take advantage of the excess taxing capability of the municipal corporation.

The Supreme Court held that the "variable millage" was unconstitutional because it violated the uniformity clause. In so ruling, the Supreme Court recited the following language from its earlier opinion in *Huron-Clinton Metropolitan Authority v Boards of Supervisors of Five Counties,* 304 Mich 328; 8 NW2d 84 (1943):

> " ' "What is meant by the words 'taxing by a uniform rule?' And what is the rule applied by the constitution? No language in the constitution, perhaps, is more important than this; and to accomplish the beneficial purposes intended, it is essential that they should be truly interpreted, and correctly applied. 'Taxing' is required to be 'by a uniform rule;' that is, by one and the same unvarying standard. Taxing by a uniform rule requires uniformity not only in the rate of taxation, but also uniformity in the mode of the assessment upon the taxable valuation. Uniformity in taxing implies equality in the burden of taxation; and this equality of burden cannot exist without uniformity in the mode of the assessment, as well as in the rate of taxation. But this is not all. The uniformity must be co-extensive with the territory to which it applies. If a State tax, it must be uniform over all the State; if a county, town, or city tax, it must be uniform throughout the extent of the territory to which it is applicable." ' 304 Mich 335-336, quoting *Exchange Bank of Columbus v Hines,* 3 Ohio St 1, 15 (1853)." 415 Mich 395-396.

The Court further stated:

> "While the Court in the *Huron-Clinton Metropolitan*

*Authority* case was addressing the uniformity of taxation language of the 1908 Constitution, what was said there applies with full force to the uniformity provision of the 1963 Constitution. Although the language of the two provisions varies slightly, the concept of uniformity expressed in each is identical. The uniformity provision of the 1963 Constitution does not require that all communities within a county be taxed uniformly. It does require, however, that the tax levied by a single governmental taxing unit be levied at the same rate against all property subject to the tax, regardless of the number of communities in which property subject to the tax is located." 415 Mich 396.

The Court's final statement on this subject was as follows:

"In order to satisfy the uniformity requirement of Const 1963, art 9, § 3, a tax rate imposed by a single taxing unit must be identical throughout the territory to which it applies, townships and municipal corporations alike. A school district tax, therefore, must be levied at the same rate throughout the school district. Since act 162 authorizes variable rates of taxation within a single school district, it violates the uniformity clause of Const 1963, art 9, § 3." 415 Mich 400.

Following its decision in *East Grand Rapids School Dist,* the Supreme Court vacated this Court's prior judgment in the present case and remanded the case to this Court "for reconsideration in light of *East Grand Rapids School District * * *".* 417 Mich 881 (1983). After due consideration, we find that the definition of "uniformity of taxation" contained in *East Grand Rapids School Dist* encompasses the situation found in this case. The taxes involved here are general *ad valorem* taxes for the charter townships of Pontiac and Waterford. The territories to which these taxes apply are the townships themselves. Thus, to comply with the Supreme Court's definition of uni-

formity, the township taxes must be levied at the same rate throughout the townships, "regardless of the number of communities in which property subject to the tax is located". We believe that the Supreme Court's definition of uniformity of taxation compels this result, even though the intent behind the "variable millage" provision in this case was to more equitably distribute the tax burden among the township residents receiving township services. We therefore hold that the amended portion of § 27 of the charter township act, MCL 42.27; MSA 5.46(27), is unconstitutional because it violates Const 1963, art 9, § 3.

We further hold that the amended portion of the act providing for the variable millage is severable from the remaining portions of the act. MCL 8.5; MSA 2.216 provides as follows:

"In the construction of the statutes of this state the following rule shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature, that is to say:

"If any portion of an act or the application thereof to any person or circumstances shall be found to be invalid by a court, such invalidity shall not affect the remaining portions or applications of the act which can be given effect without the invalid portion or application, provided such remaining portions are not determined by the court to be inoperable, and to this end acts are declared to be severable."

In this case, the purpose behind the amended portion of the act, as expressed in the legislative analysis circulated with the act, was to encourage the incorporation of townships into charter townships by increasing the authority of an unincorporated township board to incorporate the township. As an incentive to incorporate, the Legislature included the provision at issue in this case. The

proposed limitation of taxes to 1 mill for land located in villages within the township would mean that, whether the township became incorporated or remained unincorporated, village residents would not be taxed at a rate above 1 mill by the township. In support of this provision, the legislative analysis argued that "[i]t is not fair that village residents be taxed at the same rate as other township residents, since the village provides municipal services to its residents, thus eliminating the need for duplicate services from the township".

We believe that the amended portion of the act pertaining only to the new limitation on the rate of taxes may be excised without rendering the remaining portions of the act inoperable or inconsistent with the manifest intent of the Legislature. Although an incentive to incorporate will be removed, the primary purpose of 1976 PA 90 will nevertheless be furthered by the increased authority of township boards regarding incorporation. It is also apparent that the Legislature, by enacting 1976 PA 90, did not intend to deprive charter townships of their already existing authority to levy five mills on the property contained within their borders. Such an interpretation would be entirely inconsistent with the argument advanced in the legislative analysis for enacting 1976 PA 90:

"The laws and tax structures governing unincorporated townships are not designed to meet the needs of large, urbanized townships. In order to provide all the services required by a large population, these townships must have greater taxing authority, and this may best be achieved by providing alternative methods of incorporation."

The trial court's decision granting summary judgment to defendants is affirmed. Those portions

of 1976 PA 90 which remain after severing the "variable millage" portion of the act are still operable.

Affirmed. No costs, a public question being involved.