FRANCIOSI v PAROLE BOARD

Docket No. 113550. Decided February 1, 2000. On application by the plaintiff for leave to appeal, the Supreme Court, in lieu of granting leave, affirmed the judgment of the Court of Appeals.

Sabatino Franciosi appealed in the Wayne Circuit Court a decision by the Parole Board denying him parole. The court, Pamela R. Harwood, J., remanded the matter to the Parole Board for a new interview, and indicated that Mr. Franciosi could be represented by an attorney, ruling that MCL 791.235(6); MSA 28.2305(6), which prohibits attorneys from representing prisoners during parole interviews, violates the Equal Protection Clauses of the federal and state constitutions, and that MCL 791.206(2); MSA 28.2276(2) and 1996 AACS, R 791.7765 require that all members of a Parole Board panel meet in collegial discussion before issuing a decision. On rehearing, the Court of Appeals, MICHAEL J. KELLY and DOCTOROFF, JJ. (YOUNG, P.J., concurring), reversed. 231 Mich App 607 (1998) (Docket No. 195864). The plaintiff seeks leave to appeal.

In a memorandum opinion, signed by Justices CAVANAGH, KELLY, TAYLOR, and MARKMAN, the Supreme Court held:

MCL 791.235(6); MSA 28.2305(6), does not prevent a lawyer from attending and participating in a parole interview in the same manner that a nonlawyer could. However, a lawyer cannot act as a legal representative of a prisoner during a parole interview.

Affirmed.

Justice CORRIGAN, joined by Chief Justice WEAVER, dissenting, stated that the case is moot because the plaintiff has been paroled. In any event, the majority's construction does not comport with the plain language of the statute. The Legislature's intent could not be clearer: a person representing a prisoner at a parole interview may not be an attorney. An attorney representing another person in a formal interview with a public official necessarily must be said to be acting as a legal representative. Finally, the statute has a rational basis, because it is rational to conclude that the presence of an attorney might hinder the free flow of information between a prisoner and his interviewer.

Justice YOUNG took no part in the decision of this case.

*Neal Bush* for plaintiff-appellant.

*Jennifer M. Granholm,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Chester S. Sugierski, Jr.,* Assistant Attorney General, for defendant-appellee.

MEMORANDUM OPINION. Sabatino Franciosi appealed from an adverse decision of the parole board. He alleged that MCL 791.235(6); MSA 28.2305(6), which bars an attorney from acting as a prisoner's representative at his parole interview, violates federal and state guaranties of equal protection of the law. He challenged a second parole board practice as violative of MCL 791.206(2); MSA 28.2276(2) and 1996 AACS, R 791.7765(1). Under the practice, two agreeing members of a three-member panel of the parole board decide a prisoner's eligibility for parole, without the third member's participation. Finally, plaintiff challenged as inadequate the reasons cited by the board for denying him parole.

The Wayne Circuit Court found for plaintiff on all three issues. The Court of Appeals reversed the decision on the first two issues and found it unnecessary to address the third. *In re Parole of Franciosi,* 231 Mich App 607; 586 NW2d 542 (1998). Plaintiff appeals.[1]

We issue this memorandum opinion for the limited purpose of clarifying the Court of Appeals holding regarding the first issue.

---

[1] Although plaintiff has apparently been paroled, we issue this opinion because the issue is capable of repetition while evading our review, the issue has been briefed, defendant has not argued the case is moot, and the Court of Appeals opinion is published. *Durant v Michigan,* 456 Mich 175, 201, n 29; 566 NW2d 272 (1997).

We affirm the holding of the Court of Appeals with the understanding that the statute does not prevent a lawyer from attending and participating in a parole interview in the same manner that a nonlawyer could.[2] However, a lawyer cannot act as a legal representative of a prisoner during a parole interview. See MCL 791.235(6); MSA 28.2305(6).

We affirm the judgment of the Court of Appeals as clarified.

CAVANAGH, KELLY, TAYLOR, and MARKMAN, JJ., concurred.

CORRIGAN, J. I respectfully dissent. First, I would decline to address this case because it is moot. Plaintiff was paroled on March 23, 1999. "A case is moot when it presents 'nothing but abstract questions of law which do not rest upon existing facts or rights.' " *East Grand Rapids School Dist v Kent Co Tax Allocation Bd*, 415 Mich 381, 390; 330 NW2d 7 (1982), quoting *Gildemeister v Lindsay*, 212 Mich 299, 302; 180 NW 633 (1920). Now that plaintiff has been paroled, his claim challenging the procedures of the parole board presents only an abstract question of law. As a general rule, this Court will not entertain moot issues or decide moot cases.[1] *East Grand Rapids School*

---

[2] Our clarification is consistent with the position asserted by defendant in its brief on appeal, to wit: "There is no dispute that [attorney] Mr. Bush could appear in his role as a private citizen as a representative of a prisoner."

[1] I disagree with the majority's view that this issue is one capable of repetition while evading review. In my view, a claim challenging the parole board's procedures is no more likely to evade review than a claim challenging the procedures of a lower court. Because parole is not routinely granted, the issue could come before us again in a live controversy. Further, the publication of the Court of Appeals opinion has no bearing on the question whether the case is now moot. Finally, although we have

*Dist, supra* at 390, citing *LaBello v Victory Pattern Shop, Inc*, 351 Mich 598; 88 NW2d 288 (1958).

Because the majority has chosen to "clarify" the Court of Appeals opinion in the absence of a live controversy, I offer my substantive objections. The majority reasons that MCL 791.235(6); MSA 28.2305(6) permits a lawyer to attend and participate in a parole interview "in the same manner that a non-lawyer could," while barring a lawyer from acting as a "legal representative" of a prisoner during such an interview. This construction does not comport with the plain language of the statute, which provides that a "prisoner may be represented [at a parole interview] by an individual of his or her choice," and that "[t]he representative shall not be another prisoner or an attorney." The Legislature's intent could not be clearer: the person representing a prisoner at a parole interview shall not be an attorney.

The statute does not address a person's ability to attend and participate in a parole interview in some capacity other than as a "representative" of a prisoner. Likewise, the Court of Appeals did not address any other forms of attendance at or participation in parole interviews. To say that a lawyer acting as a "representative" of a prisoner at a parole interview can do so in some capacity other than as a "legal representative" defies practicality. An attorney "representing" another person in a formal interview with a public official, necessarily must be said to be acting as a "legal representative." Therefore, the majority's

---

plaintiff's application for leave to appeal and defendant's response, our decision has been rendered without the benefit of full briefing pursuant to MCR 7.302(F)(1).

attempt at clarification is both strained and unnecessary.[2]

Further, the Court of Appeals correctly concluded that the statute, when understood according to its plain meaning, has a rational basis. At a parole interview, the manner in which the prisoner speaks to the interviewer is of primary concern. It is rational to conclude that an attorney, like no other person, might hinder the free flow of information between the prisoner and his interviewer. A parole interview is not an adversarial proceeding. Generally, attorneys operate in an adversarial fashion to guard and monitor the statements of the persons they represent. Accordingly, I would simply deny plaintiff's application for leave to appeal. I see no need to clarify the Court of Appeals holding.

WEAVER, C.J., concurred with CORRIGAN, J.

YOUNG, J., took no part in the decision of this case.

---

[2] Although defendant has now "conceded" that an attorney may appear at a parole interview "in his [or her] role as a private citizen as a representative of a prisoner," defendant's concession is not consistent with the plain language of the statute. A litigant's concession cannot bind this Court to a misinterpretation of a statute.