*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Guardianship of JOHN L. FRESCURA.

THERESA LOMBARDI,

        Petitioner-Appellant,

v

CAROL MORRIS, Guardian of JOHN L.
FRESCURA, a legally incapacitated person,

        Respondent-Appellee.

UNPUBLISHED
February 5, 2019

No. 342569
Wayne Probate Court
LC No. 2017-830936-GA

Before: K. F. KELLY, P.J., and RIORDAN and GADOLA, JJ.

PER CURIAM.

Petitioner appeals as of right the probate court's order denying her petition to modify the guardianship of the ward, John L. Frescura, a legally incapacitated individual. Because Mr. Frescura is now deceased, we dismiss the present appeal as moot.

On September 5, 2017, petitioner, acting as Mr. Frescura's patient advocate and attorney-in-fact under a durable power of attorney, filed a petition with the probate court seeking the appointment of a guardian of Mr. Frescura, then 84 years old, on the ground that he was legally incapacitated. The petition nominated as guardian Andry Zabinska, a longtime friend and Mr. Frescura's purported preference for guardian. On September 28, 2017, Gabriel Brownlee, petitioner's son, filed a competing petition seeking to be appointed Mr. Frescura's guardian. The probate court entered an order appointing Carol Morris as temporary public guardian.

On November 14, 2017, the probate court held a hearing regarding the competing petitions. During the hearing, petitioner asserted that, if the probate court determined that Mr. Frescura lacked the capacity to nominate Mr. Zabinska as his guardian, petitioner would have statutory priority to be appointed his guardian because she was his patient advocate and attorney-in-fact. After hearing testimony from Mr. Frescura, the probate court determined that he was not competent to nominate his own guardian. In light of the parties' arguments, the probate court

determined it was appropriate to appoint Ms. Morris, the public guardian, as Mr. Frescura's full guardian. On January 22, 2018, petitioner filed a petition seeking to modify the guardianship and nominating herself as guardian. Mr. Brownlee again disputed the petition. The probate court held a hearing regarding this petition and, on February 20, 2018, entered an order denying the petition, retaining Ms. Morris as guardian, and authorizing Ms. Morris to relocate Mr. Frescura to a memory care facility or other suitable placement. In the intervening time since petitioner filed the present appeal of the probate court's order, Mr. Frescura has passed away.

The question of mootness is a threshold issue that a court must address before it reaches the substantive issues of a case. *In re MCI Telecom Complaint*, 460 Mich 396, 436 n 13; 596 NW2d 164 (1999). Because Michigan courts exist to determine actual cases and controversies, "as a general rule, this Court will not entertain moot issues or decide moot cases." *East Grand Rapids Sch Dist v Kent Co Tax Allocation Bd*, 415 Mich 381, 390; 330 NW2d 7 (1982). A matter is moot when a court's ruling would have no practical legal effect, *Federated Publications, Inc v City of Lansing*, 467 Mich 98, 112; 467 NW2d 383 (2002), citing *Anway v Grand Rapids R Co*, 211 Mich 592, 610; 179 NW 350 (1920), such that it presents "nothing but abstract questions of law which do not rest upon existing facts or rights," *Gildemeister v Lindsay*, 212 Mich 299, 302; 180 NW 633 (1920). An exception to the mootness doctrine exists when a matter of public significance is likely to recur yet evade judicial review. *Federated Publications*, 467 Mich at 112.

On appeal, petitioner contends that she has statutory priority to be appointed Mr. Frescura's guardian and seeks remand to the probate court for a determination of her suitability to serve as guardian. A "guardian's authority and responsibility for a legally incapacitated individual terminates upon the death of the guardian or ward . . . ." MCL 700.5308. Because Mr. Frescura is now deceased, the guardianship at issue no longer exists. This Court is therefore unable to grant the relief requested by petitioner, rendering the present appeal moot. See *Garrett v Washington*, 314 Mich App 436, 449; 886 NW2d 762 (2016) ("An issue becomes moot when a subsequent event renders it impossible for the appellate court to fashion a remedy." (quotation marks and citation omitted)). Nor is this a matter of public significance that is likely to recur yet evade judicial review.[1]

---

[1] While disputes over the appointment of guardians are not uncommon, they can be and at least occasionally are resolved by the appellate courts before the death of the protected individual, as guardianships extend for several years in certain cases. Furthermore, the dispute in this case is largely fact driven, so resolving it despite Mr. Frescura's death would be unlikely to provide guidance for the resolution of future cases.

Accordingly, dismissal of the present appeal is appropriate.  Dismissed.


/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan
/s/ Michael F. Gadola